| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| District of Delaware |
| Case number *(if known)*: _____ Chapter 15 |

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

**1. Debtor's name**  Unique Broadband Systems Ltd.

**2. Debtor's unique identifier**

For non-individual debtors:

☐ Federal Employer Identification Number (EIN)  __ __ – __ __ __ __ __ __ __

☑ Other 2032249 . Describe identifier Ontario Corporation No.

For individual debtors:

☐ Social Security number: xxx – xx– __ __ __ __

☐ Individual Taxpayer Identification number (ITIN): 9 xx – xx – __ __ __ __

☐ Other _____ . Describe identifier _____

**3. Name of foreign representative(s)**  BDO Canada Limited

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**  Receivership of Unique Broadband Systems Ltd., et al., CV-19-620769-00CL, in the Ontario Superior Court of Justice, Commercial List

**5. Nature of the foreign proceeding**

Check one:

☐ Foreign main proceeding

☐ Foreign nonmain proceeding

☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____
_____

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

| Debtor | Unique Broadband Systems Ltd. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i) all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

Country where the debtor has the center of its main interests:

Canada

Debtor's registered office:

400 Spinnaker Way
Number          Street

P.O. Box

Vaughan    Ontario    L4K 5Y9
City              State/Province/Region    ZIP/Postal Code

Canada
Country

Individual debtor's habitual residence:

Number          Street

P.O. Box

City              State/Province/Region    ZIP/Postal Code

Country

Address of foreign representative(s):

20 Wellington Street East, Suite 500
Number          Street

P.O. Box

Toronto                              ON
City              State/Province/Region    ZIP/Postal Code

Canada
Country

**10. Debtor's website (URL)**

http://uniquesys.com/

**11. Type of debtor**

Check one:

☑ Non-individual (*check one*):

    ☑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ☐ Partnership

    ☐ Other. Specify: _____

☐ Individual

| Debtor | Unique Broadband Systems Ltd. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _____    Gary Cerrato
Signature of foreign representative     Printed name
                                        Senior Manager and Vice President
Executed on  6 / 10 / 2019              BDO Canada Limited as Receiver and Foreign
            MM / DD / YYYY              Representative for Unique Broadband Systems
                                        Ltd. and UBS-Axcera, Inc.

✗ _____    _____
Signature of foreign representative     Printed name

Executed on  _____
            MM / DD / YYYY

**14. Signature of attorney**

✗ _____    Date  6 / 10 / 2019
Signature of Attorney for foreign representative    MM / DD / YYYY

Derek C. Abbott
Printed name
Morris, Nichols, Arsht & Tunnell LLP
Firm name
1201 N. Market St., 16th Floor
Number        Street
Wilmington                              DE        19801
City                                    State     ZIP Code

(302) 658-9200                          dabbott@mnat.com
Contact phone                           Email address

3376                                    DE
Bar number                              State

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| Unique Broadband Systems Ltd., *et al.*, | Case No. 19-_____ (   ) |
| Debtors in a Foreign Proceeding.[1] | Joint Administration Requested |

**CONSOLIDATED VERIFIED LIST**
**PURSUANT TO FED. R. BANKR. P. 1007(a)(4), 1008, AND 2002(q)**

Pursuant to Rules 1007(a)(4), 1008, and 2002(q), the attached list contains the names and addresses of the following:

    (i)    all persons or bodies authorized to administer foreign proceedings of the Debtors;

    (ii)    all parties to litigation pending in the United States in which either Debtor is a party at the time of filing of the petition, and

    (iii)    all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

I declare under penalty of perjury under the laws of the United States of America that the information in the attached list is true and correct.

Dated: June 10, 2019
       Toronto, Ontario

_____
Gary Cerrato
Senior Manager and Vice President
BDO Canada Limited as Receiver and
Foreign Representative for Unique
Broadband Systems Ltd. and UBS-Axcera,
Inc.

---

[1]    The Debtors and the last four digits of their U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Unique Broadband Systems Ltd. (2249) (Ontario Corporation No.) and UBS-Axcera, Inc. (3865) (FEIN). The Debtors' mailing address is 400 Spinnaker Way, Concord, ON L4K 5Y9, Canada. The Receiver and Foreign Representative is BDO Canada Limited, 20 Wellington Street East, Suite 500 Toronto, ON M5E 1C5, Canada.

**List of entities entitled to notice pursuant to Bankruptcy Rules 1007(a)(4) and 2002(q)**

**All persons or bodies authorized to administer foreign proceedings of the Debtors:**

Receiver:

BDO Canada Limited
Attn: Gary Cerrato
20 Wellington Street East, Suite 500
Toronto, ON M5E 1C5
Canada

**All parties to litigation pending in the United States in which either Debtor is a party at the time of filing of the petition.**

None

**All entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code**

ADP, LLC
PO Box 842875
Boston, MA 02284-2875

Amcom Office System
PO Box 759494
Baltimore, MD 21275-9494

Americn Express
PO Box 360001
Ft Lauderdale, FL 33336--0001

Clean Sweep Services, LLC
PO Box 818
McMurray, PA 15317

Columbia Gass Of Pennsylvania
PO Box 742537
Cincinnati, OH 45274-2537

COMCAST
PO Box 3001
Southeastern, PA 19398-3001

CSC
PO Box 13397
Philadelphia, PA 19101-3397

Direct Energy Business
PO Box 660749
Dallas, TX 75266-0749

Earthlink Business
PO Box 88104
Chicago, IL 60680-1104

EverBank Commercial Finance, Inc.
PO Box 911608
Denver, CO 80291-1608

FedEx
PO Box 371461
Pittsburgh, PA 15250-7461

Network Billing Systems, LLC, DBA Fusion
PO Box 714251
Cincinnati, OH 45271-4251

KeyBank
PO Box 94831
Cleveland, OH 44101-4831

KeyBank
PO Box 89446
Cleveland, OH 44101-6446

KeyBank, N.A.
PO Box 89446
Cleveland, OH 44101-6446

Media Temple, Inc.
PO Box 732842
Dallas, TX 75373-2842

Mouser Electronics, Inc.
PO Box 99319
Fort Worth, TX 76199-0319

ONEBEACON Insurance Group
PO Box 371871
Pittsburgh, PA 15250-7871

Pennsylvania American Water
PO Box 371412
Pittsburgh, PA 15250-7412

UPS
PO Box 7247-0244
Philadelphia, PA 19170-0001

West Penn Power
PO Box 3687
Akron, OH 44309-3615

Atlantic Specialty Insurance Company
1051 Texas Street
Salem, VA 24153

Cohen & Grigsby
625 Liberty Avenue
Pittsburgh, PA  15222-3152

Internal Revenue Service
Cincinnati, OH  45999-0039

Pennsylvania Department of Revenue
1846 Brookwood Street
Harrisburg, PA  17104

Security Systems of America
500 Ardmore Boulevard
Pittsburgh, PA  15221-3060

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL  60673-1280

UPS Freight
28013 Network Place
Chicago, IL  60673-1280

UPS Supply Chain Solutions
28013 Network Place
Chicago, IL  60673-1280

Sirius XM Radio Inc.
Attn: General Counsel
1221 Avenue of the Americas
New York NY, 10020

Teodori Enterprises LP
P.O. Box 616
Lawrence, PA 15055

Conway Fedel, LLC
Attn: Ronald Conway
First & Market Bldg.
100 First Avenue, Suite 800
Pittsburg, PA 15222

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| Unique Broadband Systems Ltd., *et al.*, | Case No. 19-_____  (    ) |
| Debtors in a Foreign Proceeding.[1] | Joint Administration Requested |

### CORPORATE OWNERSHIP STATEMENT

The following corporate ownership statement is made pursuant to Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure:

- 2048145 Ontario Inc. directly owns more than 10% of the equity interests of Unique Broadband Systems Ltd.  No other corporation directly or indirectly owns more than 10% of the equity interests of Unique Broadband Systems Ltd.

- UBS-Axcera, Inc., is wholly owned by Unique Broadband Systems Ltd.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 10, 2019
      Toronto, Ontario

                                   _____
                                   Gary Cerrato
                                   Senior Manager and Vice President
                                   BDO Canada Limited as Receiver and
                                   Foreign Representative for Unique
                                   Broadband Systems Ltd. and UBS-Axcera,
                                   Inc.

---

[1]    The Debtors and the last four digits of their U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Unique Broadband Systems Ltd. (2249) (Ontario Corporation No.) and UBS-Axcera, Inc. (3865) (FEIN).  The Debtors' mailing address is 400 Spinnaker Way, Concord, ON L4K 5Y9, Canada.  The Receiver and Foreign Representative is BDO Canada Limited, 20 Wellington Street East, Suite 500 Toronto, ON M5E 1C5, Canada.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPERIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS          DAY OF                      20
FAIT A TORONTO LE

C. Irwin

REGISTRAR          Registrar          GREFFIER

Court File No. CV-19-

**ONTARIO**

**SUPERIOR COURT OF JUSTICE**

**COMMERCIAL LIST**

| THE HONOURABLE | ) | MONDAY, THE 15TH |
|---|---|---|
| JUSTICE HAINEY | ) | DAY OF APRIL, 2019 |
| | ) | |

IN THE MATTER OF Section 101 of the *Courts of Justice Act*, R.S.O. 1990 c.C.43, as amended, and in the matter of Section 243(1) of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended

B E T W E E N:

**THE TORONTO-DOMINION BANK**

Applicant

- and -

**UNIQUE BROADBAND SYSTEMS LTD. and UBS-AXCERA INC.**

Respondent

**ORDER**
**(appointing Receiver)**

THIS APPLICATION made by The Toronto-Dominion Bank (the "**Applicant**") for an Order pursuant to section 243(1) of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended (the "**BIA**") and section 101 of the *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended (the "**CJA**") appointing BDO Canada Limited as receiver and manager (in such capacities, the "**Receiver**") without security, of all of the assets, undertakings and properties of Unique Broadband Systems Ltd. and UBS-Axcera Inc. (together, the "**Debtors**") acquired for, or used in relation to a business carried on by the Debtors, was heard this day at 330 University Avenue, Toronto, Ontario.

- 2 -

ON READING the affidavit of Jeff Swan sworn April 11, 2019 and the Exhibits thereto and on hearing the submissions of counsel for the Applicant, no one appearing for the Debtors although duly served as appears from the affidavit of service of Maria Magni sworn April 15, 2019, and on reading the consent of BDO Canada Limited to act as the Receiver,

**SERVICE**

1.      THIS COURT ORDERS that the time for service of the Notice of Application and the Application is hereby abridged and validated so that this Application is properly returnable today and hereby dispenses with further service thereof.

**APPOINTMENT**

2.      THIS COURT ORDERS that pursuant to section 243(1) of the BIA and section 101 of the CJA, BDO Canada Limited is hereby appointed Receiver, without security, of all of the assets, undertakings and properties of the Debtors acquired for, or used in relation to a business carried on by the Debtors, including all proceeds thereof (the **"Property"**).

**RECEIVER'S POWERS**

3.      THIS COURT ORDERS that the Receiver is hereby empowered and authorized, but not obligated, to act at once in respect of the Property and, without in any way limiting the generality of the foregoing, the Receiver is hereby expressly empowered and authorized to do any of the following where the Receiver considers it necessary or desirable:



      (a)    to take possession of and exercise control over the Property and any and all proceeds, receipts and disbursements arising out of or from the Property;

      (b)    to receive, preserve, and protect the Property, or any part or parts thereof, including, but not limited to, the changing of locks and security codes, the relocating of Property to safeguard it, arranging for provision of utilities, the engaging of independent security personnel, the taking of physical inventories and the placement of such insurance coverage as may be necessary or desirable;

- 3 -

(c)    to manage, operate, and carry on the business of the Debtors, including the powers to enter into any agreements, incur any obligations in the ordinary course of business, cease to carry on all or any part of the business, or cease to perform any contracts of the Debtors;

(d)    to engage consultants, appraisers, agents, experts, auditors, accountants, managers, counsel and such other persons from time to time and on whatever basis, including on a temporary basis, to assist with the exercise of the Receiver's powers and duties, including without limitation those conferred by this Order;

(e)    to purchase or lease such machinery, equipment, inventories, supplies, premises or other assets to continue the business of the Debtors or any part or parts thereof;

(f)    to receive and collect all monies and accounts now owed or hereafter owing to the Debtors and to exercise all remedies of the Debtors in collecting such monies, including, without limitation, to enforce any security held by the Debtors;

(g)    to settle, extend or compromise any indebtedness owing to the Debtors;

(h)    to execute, assign, issue and endorse documents of whatever nature in respect of any of the Property, whether in the Receiver's name or in the name and on behalf of the Debtors, for any purpose pursuant to this Order;

(i)    to initiate, prosecute and continue the prosecution of any and all proceedings and to defend all proceedings now pending or hereafter instituted with respect to the Debtors, the Property or the Receiver, and to settle or compromise any such proceedings. The authority hereby conveyed shall extend to such appeals or applications for judicial review in respect of any order or judgment pronounced in any such proceeding;


THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE.

LA PRÉSENTE ATTESTE QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

REGISTRAR
GREFFIER
DATED AT TORONTO THIS
FAIT À TORONTO LE
DAY OF
JOUR DE
20
Registrar

- 4 -

(j)     to market any or all of the Property, including advertising and soliciting offers in respect of the Property or any part or parts thereof and negotiating such terms and conditions of sale as the Receiver in its discretion may deem appropriate;

(k)     to sell, convey, transfer, lease or assign the Property or any part or parts thereof out of the ordinary course of business,

> (i)     without the approval of this Court in respect of any transaction not exceeding [$100,000], provided that the aggregate consideration for all such transactions does not exceed [$300,000]; and

> (ii)     with the approval of this Court in respect of any transaction in which the purchase price or the aggregate purchase price exceeds the applicable amount set out in the preceding clause;

and in each such case notice under subsection 63(4) of the Ontario *Personal Property Security Act*, or section 31 of the Ontario *Mortgages Act*, as the case may be, shall not be required.

(l)     to apply for any vesting order or other orders necessary to convey the Property or any part or parts thereof to a purchaser or purchasers thereof, free and clear of any liens or encumbrances affecting such Property;

(m)     to report to, meet with and discuss with such affected Persons (as defined below) as the Receiver deems appropriate on all matters relating to the Property and the receivership, and to share information, subject to such terms as to confidentiality as the Receiver deems advisable;

(n)     to register a copy of this Order and any other Orders in respect of the Property against title to any of the Property;

(o)     to apply for any permits, licences, approvals or permissions as may be required by any governmental authority and any renewals thereof for and



- 5 -



on behalf of and, if thought desirable by the Receiver, in the name of the Debtors;

(p)    to enter into agreements with any trustee in bankruptcy appointed in respect of the Debtors, including, without limiting the generality of the foregoing, the ability to enter into occupation agreements for any property owned or leased by the Debtors;

(q)    to exercise any shareholder, partnership, joint venture or other rights which the Debtors may have;

(r)    to make an assignment in bankruptcy on behalf of either of the Debtors; and

(s)    to take any steps reasonably incidental to the exercise of these powers or the performance of any statutory obligations.

and in each case where the Receiver takes any such actions or steps, it shall be exclusively authorized and empowered to do so, to the exclusion of all other Persons (as defined below), including the Debtors, and without interference from any other Person.

## DUTY TO PROVIDE ACCESS AND CO-OPERATION TO THE RECEIVER

4.    THIS COURT ORDERS that (i) the Debtors, (ii) all of their current and former directors, officers, employees, agents, accountants, legal counsel and shareholders, and all other persons acting on their instructions or behalf, and (iii) all other individuals, firms, corporations, governmental bodies or agencies, or other entities having notice of this Order (all of the foregoing, collectively, being **"Persons"** and each being a **"Person"**) shall forthwith advise the Receiver of the existence of any Property in such Person's possession or control, shall grant immediate and continued access to the Property to the Receiver, and shall deliver all such Property to the Receiver upon the Receiver's request.

5.    THIS COURT ORDERS that all Persons shall forthwith advise the Receiver of the existence of any books, documents, securities, contracts, orders, corporate and accounting records, and any other papers, records and information of any kind related to the business or

- 6 -

affairs of the Debtors, and any computer programs, computer tapes, computer disks, or other data storage media containing any such information (the foregoing, collectively, the **"Records"**) in that Person's possession or control, and shall provide to the Receiver or permit the Receiver to make, retain and take away copies thereof and grant to the Receiver unfettered access to and use of accounting, computer, software and physical facilities relating thereto, provided however that nothing in this paragraph 5 or in paragraph 6 of this Order shall require the delivery of Records, or the granting of access to Records, which may not be disclosed or provided to the Receiver due to the privilege attaching to solicitor-client communication or due to statutory provisions prohibiting such disclosure.

6.     THIS COURT ORDERS that if any Records are stored or otherwise contained on a computer or other electronic system of information storage, whether by independent service provider or otherwise, all Persons in possession or control of such Records shall forthwith give unfettered access to the Receiver for the purpose of allowing the Receiver to recover and fully copy all of the information contained therein whether by way of printing the information onto paper or making copies of computer disks or such other manner of retrieving and copying the information as the Receiver in its discretion deems expedient, and shall not alter, erase or destroy any Records without the prior written consent of the Receiver. Further, for the purposes of this paragraph, all Persons shall provide the Receiver with all such assistance in gaining immediate access to the information in the Records as the Receiver may in its discretion require including providing the Receiver with instructions on the use of any computer or other system and providing the Receiver with any and all access codes, account names and account numbers that may be required to gain access to the information.

7.     THIS COURT ORDERS that the Receiver shall provide each of the relevant landlords with notice of the Receiver's intention to remove any fixtures from any leased premises at least seven (7) days prior to the date of the intended removal. The relevant landlord shall be entitled to have a representative present in the leased premises to observe such removal and, if the landlord disputes the Receiver's entitlement to remove any such fixture under the provisions of the lease, such fixture shall remain on the premises and shall be dealt with as agreed between any applicable secured creditors, such landlord and the Receiver, or by further Order of this Court

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRÉSENT ATTESTE QUE LE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVETUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE À TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS ___ DAY OF _____ 20__
FAIT À TORONTO LE          JOUR DE,

C. Irwin

- 7 -

upon application by the Receiver on at least two (2) days' notice to such landlord and any such secured creditors.

## NO PROCEEDINGS AGAINST THE RECEIVER

8.    THIS COURT ORDERS that no proceeding or enforcement process in any court or tribunal (each, a **"Proceeding"**), shall be commenced or continued against the Receiver except with the written consent of the Receiver or with leave of this Court.

## NO PROCEEDINGS AGAINST THE DEBTORS OR THE PROPERTY

9.    THIS COURT ORDERS that no Proceeding against or in respect of the Debtors or the Property shall be commenced or continued except with the written consent of the Receiver or with leave of this Court and any and all Proceedings currently under way against or in respect of the Debtors or the Property are hereby stayed and suspended pending further Order of this Court.

## NO EXERCISE OF RIGHTS OR REMEDIES

10.    THIS COURT ORDERS that all rights and remedies against the Debtors, the Receiver, or affecting the Property, are hereby stayed and suspended except with the written consent of the Receiver or leave of this Court, provided however that this stay and suspension does not apply in respect of any "eligible financial contract" as defined in the BIA, and further provided that nothing in this paragraph shall (i) empower the Receiver or the Debtors to carry on any business which the Debtors are not lawfully entitled to carry on, (ii) exempt the Receiver or the Debtors from compliance with statutory or regulatory provisions relating to health, safety or the environment, (iii) prevent the filing of any registration to preserve or perfect a security interest, or (iv) prevent the registration of a claim for lien.

## NO INTERFERENCE WITH THE RECEIVER

11.    THIS COURT ORDERS that no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by either of the Debtors, without written consent of the Receiver or leave of this Court.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DON'T CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS ___ DAY OF May ___ 20 __
FAIT À TORONTO LE ___ JOUR DE  C. Irwin
Registrar

- 8 -

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

DATED AT TORONTO THIS
FAIT À TORONTO LE

REGISTRAR

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE À TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

DAY OF
JOUR DE

Registrar

## CONTINUATION OF SERVICES

12.     THIS COURT ORDERS that all Persons having oral or written agreements with the Debtors or statutory or regulatory mandates for the supply of goods and/or services, including without limitation, all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Debtors are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Receiver, and that the Receiver shall be entitled to the continued use of the Debtors' current telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Receiver in accordance with normal payment practices of the Debtors or such other practices as may be agreed upon by the supplier or service provider and the Receiver, or as may be ordered by this Court.

## RECEIVER TO HOLD FUNDS

13.     THIS COURT ORDERS that all funds, monies, cheques, instruments, and other forms of payments received or collected by the Receiver from and after the making of this Order from any source whatsoever, including without limitation the sale of all or any of the Property and the collection of any accounts receivable in whole or in part, whether in existence on the date of this Order or hereafter coming into existence, shall be deposited into one or more new accounts to be opened by the Receiver (the "**Post Receivership Accounts**") and the monies standing to the credit of such Post Receivership Accounts from time to time, net of any disbursements provided for herein, shall be held by the Receiver to be paid in accordance with the terms of this Order or any further Order of this Court.

## EMPLOYEES

14.     THIS COURT ORDERS that all employees of the Debtors shall remain the employees of the Debtors until such time as the Receiver, on the Debtors' behalf, may terminate the employment of such employees.  The Receiver shall not be liable for any employee-related liabilities, including any successor employer liabilities as provided for in section 14.06(1.2) of the BIA, other than such amounts as the Receiver may specifically agree in writing to pay, or in

- 9 -

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRESENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVETUE DU
SCEAU DE LA COUR SUPERIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

DATED AT TORONTO
FAIT A TORONTO LE

C. Irwin

REGISTRAR    Registrar    GREFFIER

respect of its obligations under sections 81.4(5) or 81.6(3) of the *Wage Earner Protection Program Act*.

**PIPEDA**

15.    THIS COURT ORDERS that, pursuant to clause 7(3)(c) of the Canada *Personal Information Protection and Electronic Documents Act*, the Receiver shall disclose personal information of identifiable individuals to prospective purchasers or bidders for the Property and to their advisors, but only to the extent desirable or required to negotiate and attempt to complete one or more sales of the Property (each, a "**Sale**"). Each prospective purchaser or bidder to whom such personal information is disclosed shall maintain and protect the privacy of such information and limit the use of such information to its evaluation of the Sale, and if it does not complete a Sale, shall return all such information to the Receiver, or in the alternative destroy all such information. The purchaser of any Property shall be entitled to continue to use the personal information provided to it, and related to the Property purchased, in a manner which is in all material respects identical to the prior use of such information by the Debtors, and shall return all other personal information to the Receiver, or ensure that all other personal information is destroyed.

**LIMITATION ON ENVIRONMENTAL LIABILITIES**

16.    THIS COURT ORDERS that nothing herein contained shall require the Receiver to occupy or to take control, care, charge, possession or management (separately and/or collectively, "**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the Ontario *Environmental Protection Act*, the *Ontario Water Resources Act*, or the Ontario *Occupational Health and Safety Act* and regulations thereunder (the "**Environmental Legislation**"), provided however that nothing herein shall exempt the Receiver from any duty to report or make disclosure imposed by applicable Environmental Legislation. The Receiver shall not, as a result of this Order or anything done in

- 10 -

pursuance of the Receiver's duties and powers under this Order, be deemed to be in Possession of
any of the Property within the meaning of any Environmental Legislation, unless it is actually in
possession.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DATED AT TORONTO THIS ___ DAY OF ___ 20__
FAIT A TORONTO LE

LA PRESENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPERIEURE DE JUSTICE A TORONTO, EST UNE COPE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

JOUR DE

C. Irwin
Registrar
REGISTRAR    GREFFIER

## LIMITATION ON THE RECEIVER'S LIABILITY

17.      THIS COURT ORDERS that the Receiver shall incur no liability or obligation as a result
of its appointment or the carrying out the provisions of this Order, save and except for any gross
negligence or wilful misconduct on its part, or in respect of its obligations under sections 81.4(5)
or 81.6(3) of the BIA or under the *Wage Earner Protection Program Act*. Nothing in this Order
shall derogate from the protections afforded the Receiver by section 14.06 of the BIA or by any
other applicable legislation.

## RECEIVER'S ACCOUNTS

18.      THIS COURT ORDERS that the Receiver and counsel to the Receiver shall be paid their
reasonable fees and disbursements, in each case at their standard rates and charges unless
otherwise ordered by the Court on the passing of accounts, and that the Receiver and counsel to
the Receiver shall be entitled to and are hereby granted a charge (the **"Receiver's Charge"**) on
the Property, as security for such fees and disbursements, both before and after the making of
this Order in respect of these proceedings, and that the Receiver's Charge shall form a first
charge on the Property in priority to all security interests, trusts, liens, charges and
encumbrances, statutory or otherwise, in favour of any Person, but subject to sections 14.06(7),
81.4(4), and 81.6(2) of the BIA.

19.      THIS COURT ORDERS that the Receiver and its legal counsel shall pass their accounts
from time to time, and for this purpose the accounts of the Receiver and its legal counsel are
hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

20.      THIS COURT ORDERS that prior to the passing of its accounts, the Receiver shall be at
liberty from time to time to apply reasonable amounts, out of the monies in its hands, against its
fees and disbursements, including legal fees and disbursements, incurred at the standard rates
and charges of the Receiver or its counsel, and such amounts shall constitute advances against its
remuneration and disbursements when and as approved by this Court.

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE
DATED AT TORONTO THIS
FAIT À TORONTO LE
REGISTRAR

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVETUE DU
SCEAU DE LA COUR SUPERIEURE
DE JUSTICE À TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU
DAY OF
JOUR DE
C. Irwin
registrar    GREFFIER

- 11 -

## FUNDING OF THE RECEIVERSHIP

21.    THIS COURT ORDERS that the Receiver be at liberty and it is hereby empowered to borrow by way of a revolving credit or otherwise, such monies from time to time as it may consider necessary or desirable, provided that the outstanding principal amount does not exceed $250,000 (or such greater amount as this Court may by further Order authorize) at any time, at such rate or rates of interest as it deems advisable for such period or periods of time as it may arrange, for the purpose of funding the exercise of the powers and duties conferred upon the Receiver by this Order, including interim expenditures. The whole of the Property shall be and is hereby charged by way of a fixed and specific charge (the **"Receiver's Borrowings Charge"**) as security for the payment of the monies borrowed, together with interest and charges thereon, in priority to all security interests, trusts, liens, charges and encumbrances, statutory or otherwise, in favour of any Person, but subordinate in priority to the Receiver's Charge and the charges as set out in sections 14.06(7), 81.4(4), and 81.6(2) of the BIA.

22.    THIS COURT ORDERS that neither the Receiver's Borrowings Charge nor any other security granted by the Receiver in connection with its borrowings under this Order shall be enforced without leave of this Court.

23.    THIS COURT ORDERS that the Receiver is at liberty and authorized to issue certificates substantially in the form annexed as Schedule "A" hereto (the **"Receiver's Certificates"**) for any amount borrowed by it pursuant to this Order.

24.    THIS COURT ORDERS that the monies from time to time borrowed by the Receiver pursuant to this Order or any further order of this Court and any and all Receiver's Certificates evidencing the same or any part thereof shall rank on a *pari passu* basis, unless otherwise agreed to by the holders of any prior issued Receiver's Certificates.

## SERVICE AND NOTICE

25.    THIS COURT ORDERS that the E-Service Protocol of the Commercial List (the **"Protocol"**) is approved and adopted by reference herein and, in this proceeding, the service of documents made in accordance with the Protocol (which can be found on the Commercial List website    at    http://www.ontariocourts.ca/scj/practice/practice-directions/toronto/e-service-

- 12 -

protocol/) shall be valid and effective service. Subject to Rule 17.05 this Order shall constitute an order for substituted service pursuant to Rule 16.04 of the Rules of Civil Procedure. Subject to Rule 3.01(d) of the Rules of Civil Procedure and paragraph 21 of the Protocol, service of documents in accordance with the Protocol will be effective on transmission. This Court further orders that a Case Website shall be established in accordance with the Protocol with the following URL: http://www.extranets.bdo.ca/UniqueBroadbandSystems.

26.    THIS COURT ORDERS that if the service or distribution of documents in accordance with the Protocol is not practicable, the Receiver is at liberty to serve or distribute this Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal delivery, email, or facsimile transmission to the Debtors' creditors or other interested parties at their respective addresses as last shown on the records of the Debtors and that any such service or distribution by courier, personal delivery, email, or facsimile transmission shall be deemed to be received on the next business day following the date of forwarding thereof, or if sent by ordinary mail, on the third business day after mailing.

**RETENTION OF LAWYERS**

27.    THIS COURT ORDERS that the Receiver may retain solicitors to represent and advise the Receiver in connection with the exercise of the Receiver's powers and duties, including without limitation, those conferred by this Order. Such solicitors may include Thornton Grout Finnigan LLP, solicitors for the Applicant herein, in respect of any matter where there is no conflict of interest. The Receiver shall, however, retain independent solicitors in respect of any legal advice or services where a conflict exists, or may arise.

**GENERAL**

28.    THIS COURT ORDERS that the Receiver may from time to time apply to this Court for advice and directions in the discharge of its powers and duties hereunder.

29.    THIS COURT ORDERS that nothing in this Order shall prevent the Receiver from acting as a trustee in bankruptcy of either of the Debtors.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRESENT ATTEST QUE CE DOCUMENT, DON'T CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPERIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS         DAY OF              20
FAIT A TORONTO LE            JOUR DE
                            C. Irwin
                            Barrister

- 13 -

30.     THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order.    All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Receiver and its agents in carrying out the terms of this Order.

31.     THIS COURT ORDERS that the Receiver be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and that the Receiver is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

32.     THIS COURT ORDERS that the Applicant shall have its costs of this Application, up to and including entry and service of this Order, provided for by the terms of the Application security or, if not so provided by the Applicant's security, then on a substantial indemnity basis to be paid by the Receiver from the Debtors' estate with such priority and at such time as this Court may determine.

33.     THIS COURT ORDERS that any interested party may apply to this Court to vary or amend this Order on not less than seven (7) days' notice to the Receiver and to any other party likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE.
DATED AT TORONTO THIS
FAIT À TORONTO LE

LA PRESENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE À TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

DAY OF

Registrar

REGISTRAR                                          GREFFIER

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO:

MAY 2 8 2019

PER / PAR:

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRESENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVETUE DU
SCEAU DE LA COUR SUPERIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS
FAIT A TORONTO LE

DAY OF
JOUR DE    C. Irwin
        Registrar

REGISTRAR                    GREFFIER

**SCHEDULE "A"**

**RECEIVER CERTIFICATE**

CERTIFICATE NO. _____

AMOUNT $_____

1.      THIS IS TO CERTIFY that BDO Canada Limited, the receiver (the **"Receiver"**) of the assets, undertakings and properties of Unique Broadband Systems Ltd. and UBS-Axcera Inc. (together, the **"Debtors"**) acquired for, or used in relation to a business carried on by the Debtors, including all proceeds thereof (collectively, the **"Property"**) appointed by Order of the Ontario Superior Court of Justice (Commercial List) (the **"Court"**) dated the 15th day of April, 2019 (the **"Order"**) made in an action having Court file number CV-19-_____, has received as such Receiver from the holder of this certificate (the **"Lender"**) the principal sum of $_____, being part of the total principal sum of $_____ which the Receiver is authorized to borrow under and pursuant to the Order.

2.      The principal sum evidenced by this certificate is payable on demand by the Lender with interest thereon calculated and compounded [daily][monthly not in advance on the _____ day of each month] after the date hereof at a notional rate per annum equal to the rate of _____ per cent above the prime commercial lending rate of Bank of _____ from time to time.

3.      Such principal sum with interest thereon is, by the terms of the Order, together with the principal sums and interest thereon of all other certificates issued by the Receiver pursuant to the Order or to any further order of the Court, a charge upon the whole of the Property, in priority to the security interests of any other person, but subject to the priority of the charges set out in the Order and in the *Bankruptcy and Insolvency Act*, and the right of the Receiver to indemnify itself out of such Property in respect of its remuneration and expenses.

4.      All sums payable in respect of principal and interest under this certificate are payable at the main office of the Lender at Toronto, Ontario.

5.      Until all liability in respect of this certificate has been terminated, no certificates creating charges ranking or purporting to rank in priority to this certificate shall be issued by the Receiver

- 2 -

to any person other than the holder of this certificate without the prior written consent of the holder of this certificate.

6.      The charge securing this certificate shall operate so as to permit the Receiver to deal with the Property as authorized by the Order and as authorized by any further or other order of the Court.

7.      The Receiver does not undertake, and it is not under any personal liability, to pay any sum in respect of which it may issue certificates under the terms of the Order.

DATED the _____ day of _____, 20__ .

BDO Canada Limited, solely in its capacity
as Receiver of the Property, and not in its
personal capacity

Per: _____

Name:

Title:

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRESENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPERIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS _____ DAY OF May 20 / /
FAIT À TORONTO LE _____ JOUR DE, Irwin

Registrar

REGISTRAR                          GREFFIER

IN THE MATTER OF Section 101 of the *Courts of Justice Act*, R.S.O. 1990 c.C.43, as amended, and in the matter of Section 243(1) of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended

THE TORONTO-DOMINION BANK

Applicant

and

UNIQUE BROADBAND SYSTEMS LTD. and UBS-AXCERA INC.

Respondents

Court File No.: CV-19 - 6 7 9 3 / 9 - 0 0 7 c

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**
Proceedings commenced at Toronto

**ORDER**
**(Appointing Receiver)**

**Thornton Grout Finnigan LLP**
Barristers and Solicitors
Toronto-Dominion Centre
100 Wellington Street West
Suite 3200, P.O. Box 329
Toronto, ON  M5K 1K7

**D.J. Miller (LSO# 34393P)**
Tel:      416-304-0559
Email:   djmiller@tgf.ca

**Rachel A. Bengino (LSO# 68348V)**
Tel:      416-304-1153
Email:   rbengino@tgf.ca

Fax:      416-304-1313

Lawyers for the Applicant

9:30 a.m.



# COUNSEL - SLIP

COURT FILE NO. New Matter                    DATE: APR 1 5 2019

No. ON LIST 11 - Add on†

TITLE OF
PROCEEDING   Unique Broad Band

COUNSEL FOR:   Applicant ; The Toronto - Dominion Bank
Plaintiff (s)
Applicant (s)          Rachel Bengino
Petitioner (s)

Phone & Fax No
T: 416 304 1616
F: 416 304 1313

Email: rbengino@tgf.
ca

Phone & Fax No

COUNSEL FOR:
Defendant (s)
Respondent (s)

Email:

April 15/19

My endorsement
is attached

Hailey J

April 25, 2019

On consent of the Bank, the Order appointing a Receiver is granted on this date, but it shall be held in abeyance and not issued or take effect until the earlier of: (i) one (1) business day following the date on which the Applicant sends a notice to the Respondents advising that it is not prepared to hold off in the implementation of the receivership; or (ii) April 23, 2019 at 5:00 p.m. (the "Effective Date").   The Order, along with the Notice of Application, shall not be served upon any party or issued before the Effective Date.

Hainey J.

## COUNSEL SLIP

COURT FILE NO  New Matter

DATE  April 23, 2019

NO ON LIST _____

TITLE OF
PROCEEDING   Unique Broadband Systems Inc. and
                                    UBS Axcera Inc.

COUNSEL FOR: The Toronto Dominion Bank, Applicant    PHONE & FAX NOS.
PLAINTIFF(S)
APPLICANT(S)    Rachel Bengino
PETITIONER(S)                          T. 416 304 1616
                                       F. 416 304 1313

COUNSEL FOR:
DEFENDANT(S)                                          PHONE & FAX NOS
RESPONDENT(S)

April 23/19

My endorsement is

attached

Hainey J

*Endorsement*

At the request of the Respondents, the Applicant consents to a one week extension to the effective date of the Receivership Order dated April 15, 2019. Accordingly, the reference to "April 23, 2019 at 5:00 p.m." in my Endorsement dated April 15, 2019 is hereby amended to "April 30, 2019 at 4:00 p.m."

*Hainey J.*

*April 23, 2019*

9:30

# COUNSEL SLIP

ADD-on

COURT FILE NO __New Matter.__

DATE __May 1, 2019__

NO ON LIST _____

TITLE OF
PROCEEDING

The Toronto-Dominion Bank v:
Unique Broadband Systems Ltd., and
UBS-Areera Inc.

COUNSEL FOR:
PLAINTIFF(S)
APPLICANT(S)
PETITIONER(S)

Applicant

Rachel Bengino

PHONE & FAX NOS.

T: 416 304 1616
F: 416 304 1313

COUNSEL FOR:
DEFENDANT(S)
RESPONDENT(S)

PHONE & FAX NOS

May 1, 2019

My Endorsement is
attached

Hainley J

At the request of the Respondents, the Applicant consents to an extension to the effective date of the Receivership Order dated April 15, 2019 to allow the Respondents to enter into a binding asset purchase agreement for the sale of substantially all of its assets, on terms satisfactory to the Applicant (the "**APA**") and close such sale transaction. Accordingly, the reference to "April 23, 2019 at 5:00 p.m." in the Endorsement of Justice Hainey dated April 15, 2019, as subsequently amended to "April 30, 2019 at 4:00 p.m.", is hereby amended to "May 28, 2019 at 4:00 p.m.". This extension is conditional upon the APA being executed on or before May 6, 2019 (the "**Condition**"). If the Condition is not satisfied, the Applicant is authorized to issue and serve the Notice of Application and Receivership Order. This endorsement shall be effective *nunc pro tunc* to April 30, 2019 at 3:50 p.m.

Hainey J.

May 1, 2019