**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| Unique Broadband Systems Ltd., *et al.*, | Case No. 19-_____  (    ) |
| Debtors in a Foreign Proceeding.[1] | Joint Administration Requested |

**DECLARATION OF GARY CERRATO IN SUPPORT OF (I) CHAPTER 15 PETITIONS**
**FOR RECOGNITION OF FOREIGN PROCEEDING, (II) MOTION OF THE**
**RECEIVER FOR ENTRY OF PROVISIONAL AND FINAL RELIEF IN AID OF**
**FOREIGN PROCEEDING, AND (III) CERTAIN RELATED RELIEF**

I, Gary Cerrato, declare as follows:

1.      I am a Senior Manager and Vice President in the Toronto office of BDO Canada Limited.   BDO Canada Limited is the court-appointed receiver and manager (in such capacities, the "Receiver") of all of the assets, undertakings and properties of Unique Broadband Systems Ltd. ("UBS") and UBS-Axcera, Inc. ("UBS-Axcera," and, with UBS, the "Debtors"). The Receiver was appointed by the Superior Court of Justice (Commercial List) in Ontario, Canada (the "Canadian Court") in the proceeding captioned under Court File No.: CV-19-620769-00CL (the "Canadian Proceeding") by the *Order (appointing Receiver)* (the "Receivership Order") entered on May 28, 2019 under Ontario's *Courts of Justice Act* and Canada's *Bankruptcy and Insolvency Act*.   The Receiver is the foreign representative of the Debtors and is authorized to commence these chapter 15 cases in respect of the Debtors.

2.      I am a chartered insolvency and restructuring professional and licensed insolvency trustee, and a member of the Canadian Association of Insolvency and Restructuring

---

[1]      The Debtors and the last four digits of their U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Unique Broadband Systems Ltd. (2249) (Ontario Corporation No.) and UBS-Axcera, Inc. (3865) (FEIN).   The Debtors' mailing address is 400 Spinnaker Way, Concord, ON L4K 5Y9, Canada.   The Receiver and foreign representative is BDO Canada Limited, 20 Wellington Street East, Suite 500 Toronto, ON M5E 1C5, Canada.

Professionals, INSOL International, and the Canadian Insolvency Foundation. I hold a specialized honours degree in economics and business from York University. For over 23 years, I have worked exclusively in the financial recovery services area, dealing with over 100 commercial engagements in a wide variety of industries. I have significant experience in the construction, securities, manufacturing, printing, automotive, agriculture, and hospitality and retail sectors. I have been a key member of the teams that have acted in such engagements as: court-appointed receiver and manager of Buckingham Securities Corporation (appointed by Ontario Securities Commission), CCAA monitor of Ajax Precision Manufacturing (a tier 1 supplier to General Motors of Canada), receiver and manager of Sam the Record Man, Receiver and Manager of Emery International Developments, and private receiver of Eastern Ontario Vegetable Growers.

3. Prior to commencement of the Canadian Proceeding and appointment of the Receiver, BDO Canada Limited was engaged as consultant to The Toronto-Dominion Bank pursuant to a retainer agreement with the bank's legal counsel, with the consent of the Debtors, beginning in November 2017, and was involved in discussions with management of the Debtors regarding the Debtors' cash flow, recent operational and financial results, and the process to maximize value of the Debtors and their assets. I led that consultancy engagement for BDO Canada Limited. I now lead the engagement for BDO Canada Limited in its capacity as Receiver and foreign representative for the Debtors. In these capacities, I have investigated the business and affairs of the Debtors to the best of my ability, and make this declaration based on that investigation.

4.    The Receivership Order provides that "the Receiver . . . is hereby authorized and empowered to apply to any court . . . wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and . . . to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada."    Receivership Order ¶ 31.    Additionally, the Canadian Court, by the Receivership Order, has requested assistance from the courts of the United States to give effect to the Receivership Order and to assist the Receiver and its agents in carrying out the terms of the Receivership Order.    *Id.* ¶ 30.

5.    Contemporaneously with the filing of this declaration, I have caused to be filed, on behalf of the Receiver as authorized foreign representative of the Debtors, petitions for recognition of the Canadian Proceeding in the United States under chapter 15 of title 11 of the United States Code.

6.    I have read the papers filed contemporaneously with this declaration, including the *Motion of the Receiver as Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Proceeding and Certain Related Relief under Sections 105(a), 362, 365, 1517, 1519, 1520, and 1521 of the Bankruptcy Code* (the "Recognition Motion"), and believe the statements in those papers to be true and correct to the best of my knowledge based on my investigation.

7.    As foreign representative for the Debtors, the Receiver seeks recognition of the Canadian Proceeding as the foreign main proceeding of each of the Debtors, or, in the alternative, as a foreign nonmain proceeding.    The Receiver also seeks certain related relief necessary to preserve value and administer these chapter 15 cases.

3

8.     The Debtors specialize in the design and manufacturing of complete digital transmission systems as well as individual components for digital audio and video broadcasting.   The Debtors' products include, among other things, satellite, military, television and radio communications equipment, such as power amplifiers, transmitters, receivers, modulators and an array of passive components.

9.     Prior to entry of the Receivership Order, the Debtors operated from their head office and an associated service and manufacturing facility located in Vaughan, Ontario, and all significant strategic, corporate and financial management decisions were made at this location.   The Debtors' directors and officers are also based in Canada.   The Debtors employed approximately 29 employees across Canada.   The Debtors also have operations and offices in Pennsylvania through UBS-Axcera, which has assets located in the United States.   As of the Petition Date, UBS-Axcera employs approximately three employees in the United States.

10.     Since its appointment on May 28, 2019, the Receiver has managed all of the Debtors' assets, operations, and other affairs and interests from the Receiver's offices in Toronto, Canada.

11.     The Receiver intends to conduct an orderly liquidation of the Debtors' assets, but it needs to protect and preserve the assets during the process.   Accordingly, pending recognition of the Canadian Proceeding, the Receiver seeks provisional relief to enjoin collection efforts against the Debtors and their assets, as well as to protect potentially valuable contractual relationships.   This relief is necessary to avoid immediate and irreparable harm to the Debtors and their assets if U.S. creditors and contract parties begin a "race to the courthouse" or resort to other self-help remedies resulting in a piece-meal and preferential liquidation and distribution of assets, rather than an orderly liquidation and distribution of value according to legal priorities.

12.     It may also be necessary for the Receiver to operate the Debtors' businesses on a partial or temporary basis to protect and preserve assets.  Accordingly, the Receiver seeks provisional authority to operate the Debtors' businesses and administer the Debtors' assets and affairs in the United States to the extent necessary pending recognition, including authority to deal with U.S. operations with respect to employees, contractors, vendors, creditors, and others, as well as the temporary management of ongoing projects, and ultimately to wind down the businesses.

13.     This provisional relief is consistent with the Receivership Order, which, among other things, stays all creditor collection action against the Debtors or their assets (paragraphs 8 and 9), prohibits contract counterparties from terminating contracts with the Debtors (paragraph 12), and empowers the Receiver to manage, operate and carry on the business of the Debtors (paragraph 3(c)), as well as to take possession and control over all of the Debtors' property (paragraph 3(a)).

14.     The Receiver also seeks certain administrative relief such as consolidating these cases for procedural purposes and establishing noticing procedures.  I have reviewed the motions requesting such relief and believe the relief is necessary and appropriate under the circumstances because it will facilitate administration of these cases for the Court, the Receiver, and other parties in interest, and will help reduce costs and expenses to all parties' benefit.

15.     For additional background, I have attached to this declaration a true and correct copy of the full Application Record filed with the Canadian Court to commence the Canadian Proceeding.

I certify under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: June 10, 2019
       Toronto, Ontario

Gary Cerrato
Senior Manager and Vice President
BDO Canada Limited as Receiver and
Foreign Representative for Unique
Broadband Systems Ltd. and UBS-Axcera,
Inc.