**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| Unique Broadband Systems Ltd., | Case No. 19-_____ (   ) |
| Debtor in a Foreign Proceeding. | Joint Administration Requested |
| In re | Chapter 15 |
| UBS-Axcera, Inc., | Case No. 19-_____ (   ) |
| Debtor in a Foreign Proceeding. | Joint Administration Requested |

### MOTION OF THE RECEIVER AS AUTHORIZED FOREIGN REPRESENTATIVE FOR JOINT ADMINISTRATION OF CHAPTER 15 CASES AND RELATED RELIEF

BDO Canada Limited, solely in its capacity as court-appointed receiver (the "Receiver"), manager, and authorized foreign representative of Unique Broadband Systems Ltd. ("UBS") and UBS-Axcera, Inc. ("UBS-Axcera," and, with UBS, the "Debtors"), and not in its personal or corporate capacity, hereby moves (the "Motion") for entry of an order, substantially in the form attached as **Exhibit A**, (i) directing the joint administration of these cases for procedural purposes only pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); (ii) authorizing the filing of a consolidated list pursuant to Bankruptcy Rule 1007(a)(4); and (iii) granting related relief.

In support of this Motion, the Receiver incorporates by reference the contemporaneously filed *Declaration of Gary Cerrato in Support of (I) Chapter 15 Petitions for Recognition of Foreign Proceeding, (II) Motion of the Receiver for Entry of Provisional and*

*Final Relief in Aid of Foreign Proceeding, and (III) Certain Related Relief* (the "Cerrato Declaration") and further respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. § 157(b)(2)(P).

2.      The Receiver, solely in its capacity as authorized foreign representative, and not in its personal or corporate capacity, consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      Venue in this district is proper under 28 U.S.C. §§ 1410(1) and (3).

## BACKGROUND

4.      On or about May 28, 2019, the Superior Court of Justice (Commercial List) in Ontario, Canada (the "Canadian Court") entered its Receivership Order appointing the Receiver as receiver and manager of all assets, undertakings and properties of the Debtors pursuant to section 101 of Ontario's *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended and section 243(1) of Canada's *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended. The proceeding before the Canadian Court is captioned under Court File No.: CV-19-620769-00CL (the "Canadian Proceeding").

5.    On the date hereof, the Receiver filed petitions under chapter 15 of the Bankruptcy Code for recognition of the Canadian Proceeding, thereby commencing the Debtors' chapter 15 cases.

6.    Additional information concerning the Debtors, the Canadian Proceeding, and these chapter 15 cases is found in the Cerrato Declaration.

### RELIEF REQUESTED

7.    The Receiver seeks entry of an order substantially in the form attached as **Exhibit A** directing joint administration of the Debtors' chapter 15 cases for procedural purposes only.

8.    The Receiver also requests that the caption of the Debtors' chapter 15 cases be modified to reflect joint administration of the chapter 15 cases as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re | Chapter 15 |
|---|---|
| Unique Broadband Systems Ltd., *et al.*, | Case No. 19-_____ (    ) |
| Debtors in a Foreign Proceeding.[1] | Jointly Administered |

[1]    The Debtors and the last four digits of their U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Unique Broadband Systems Ltd. (2249) (Ontario Corporation No.) and UBS-Axcera, Inc. (3865) (FEIN).  The Debtors' mailing address is 400 Spinnaker Way, Concord, ON L4K 5Y9, Canada.  The Receiver and authorized foreign representative is BDO Canada Limited, 20 Wellington Street East, Suite 500 Toronto, ON M5E 1C5, Canada.

9.    The Receiver requests that the Court find that the proposed caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 1005.

10.     The Receiver also seeks the Court's direction that the following notation be entered on the docket of the chapter 15 case of UBS-Axcera, Inc., to reflect the joint administration of these cases:

> An Order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter 15 cases of Unique Broadband Systems Ltd. and UBS-Axcera, Inc.  The docket in Case No. 19-_____ (_____) should be consulted for all matters affecting this case.

11.     Further, the Receiver requests that the Court authorize the Receiver to file and utilize a combined list under Bankruptcy Rule 1007(a)(4) for these jointly-administered chapter 15 cases and that combined notices may be sent to the Debtors' creditors and other parties in interest where appropriate.

## BASIS FOR RELIEF REQUESTED

12.     Bankruptcy Rule 1015(b) provides that if two or more petitions for relief are pending in the same court by or against a debtor and its affiliate, the court may order joint administration of the cases.  The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code, as UBS-Axcera is a wholly-owned subsidiary of UBS.

13.     Additionally, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted and will ease the administrative burden for the Court and the parties.

14.     Entry of an order directing joint administration of the Debtors' chapter 15 cases will avoid duplicative notices, applications and orders, thereby saving the Receiver and parties in interest considerable time and expense, as well as ease the administrative burden on the

4

Court and the parties.  The rights of creditors will not be adversely affected because this Motion requests only administrative consolidation of the chapter 15 cases.  By aggregating all papers related to both Debtors under the same case caption and docket, creditors and parties in interest will be able to access and review relevant information concerning the Debtors in one place, and will thereby be better able to keep apprised of the matters before this Court.

15.    Additionally, filing a consolidated list under Bankruptcy Rule 1007(a)(4) is appropriate in these cases.  As the provisional and final relief sought in each of these cases is identical, and any additional relief sought is likely to impact most or all of the Debtors, the Receiver anticipates that most if not all motions, notices, hearings, orders and other papers filed in these cases will affect most or all of the Debtors.  Under these circumstances filing and maintaining separate lists under Bankruptcy Rule 1007(a)(4) would result in unnecessary confusion and wasteful duplication of effort and service.

WHEREFORE, the Receiver respectfully requests that the Court enter an order substantially in the form attached as **Exhibit A**: (i) directing the joint administration of these cases for procedural purposes only; (ii) authorizing the filing of a consolidated list pursuant to Bankruptcy Rule 1007(a)(4); and (iii) granting related relief.

Dated:  June 10, 2019
       Wilmington, Delaware

                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                        */s/ Paige N. Topper*
                        Derek C. Abbott (No. 3367)
                        Matthew B. Harvey (No. 5186)
                        Paige N. Topper (No. 6470)
                        1201 N. Market St., 16th Floor
                        Wilmington, DE 19801
                        Telephone: (302) 658-9200
                        Facsimile:  (302) 658-3989
                        dabbott@mnat.com

mharvey@mnat.com
ptopper@mnat.com

- and -

THORNTON GROUT FINNIGAN LLP
D.J. Miller
Rachel Bengino
Suite 3200, Canadian Pacific Tower
100 Wellington St. West
Toronto (Ontario), Canada M5K 1K7
Telephone: (416) 304-1616
Facsimile:  (416) 304-1313
djmiller@tgf.ca
rbengino@tgf.ca

*Counsel for the Receiver as Foreign Representative*

# **<u>Exhibit A</u>**

Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 15 |
| Unique Broadband Systems Ltd., | Case No. 19-_____ (    ) |
| Debtor in a Foreign Proceeding. | Joint Administration Requested |
| In re | Chapter 15 |
| UBS-Axcera, Inc., | Case No. 19-_____ (    ) |
| Debtor in a Foreign Proceeding. | Joint Administration Requested |

## ORDER DIRECTING JOINT ADMINISTRATION OF
## CHAPTER 15 CASES AND GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of BDO Canada Limited, solely in its capacity as court-appointed receiver (the "Receiver"), manager, and authorized foreign representative of Unique Broadband Systems Ltd. ("UBS") and UBS-Axcera, Ltd. ("UBS-Axcera," and, with UBS, the "Debtors"), and not in its personal or corporate capacity, for entry of an order: (i) directing the joint administration of these cases for procedural purposes only pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1; (ii) authorizing the filing of a consolidated list pursuant to Bankruptcy Rule 1007(a)(4); and (iii) granting related relief; and the Court having reviewed and considered the Motion and the Cerrato Declaration; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The relief requested in the Motion is GRANTED as set forth herein.

---

[1]    Capitalized terms not defined herein are defined in the Motion.

2.      Pursuant to Bankruptcy Rule 1015(b), the Debtors' chapter 15 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under the docket of Case No. 19-_____ (___).

3.      The Clerk of Court shall maintain one file and one docket for these jointly administered cases, which file and docket for all these chapter 15 cases shall be the file and docket for Unique Broadband Systems Ltd., Case No. 19-_____ (___).

4.      All pleadings and other papers filed in these chapter 15 cases shall bear a consolidated caption in the following form:

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 15 |
| Unique Broadband Systems Ltd., *et al.*, | Case No. 19-_____ (    ) |
| Debtors in a Foreign Proceeding.[1] | Jointly Administered |

[1]      The Debtors and the last four digits of their U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Unique Broadband Systems Ltd. (2249) (Ontario Corporation No.) and UBS-Axcera, Inc. (3865) (FEIN).  The Debtors' mailing address is 400 Spinnaker Way, Concord, ON L4K 5Y9, Canada.  The Receiver and authorized foreign representative is BDO Canada Limited, 20 Wellington Street East, Suite 500 Toronto, ON M5E 1C5, Canada.

5.      The foregoing caption satisfies the requirements set forth in section 342(c) of the Bankruptcy Code and Bankruptcy Rule 1005 in all respects.

6.      The following notation shall be entered on the docket of the chapter 15 case of UBS-Axcera, Inc., to reflect the joint administration of these cases:

An Order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter 15 cases of Unique Broadband Systems Ltd. and UBS-

Axcera, Inc.  The docket in Case No. 19-_____ (_____) should be consulted for all matters affecting this case.

7.      Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the above-captioned cases.

8.      The Receiver is authorized to file and utilize a combined list under Bankruptcy Rule 1007(a)(4) for the Debtors' jointly-administered cases and may send combined notices to creditors of the Debtors and other parties in interest where appropriate.

9.      The Receiver is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and the Clerk is hereby directed to enter this Order on the docket in the chapter 15 case of each of the Debtors.

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       _____, 2019

_____
UNITED STATES BANKRUPTCY JUDGE

3