## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 15 |
| Unique Broadband Systems Ltd., *et al.*, | Case No. 19-_____ ( ) |
| Debtors in a Foreign Proceeding.[1] | Joint Administration Requested |

**MOTION OF THE RECEIVER AS AUTHORIZED FOREIGN REPRESENTATIVE FOR ENTRY OF AN ORDER (I) SPECIFYING FORM AND MANNER OF SERVICE OF THE RECOGNITION HEARING NOTICE UNDER SECTIONS 105(a), 1514 AND 1515 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 9007, (II) SCHEDULING HEARING, AND (III) GRANTING RELATED RELIEF**

BDO Canada Limited, solely in its capacity as court-appointed receiver (the "Receiver"), manager, and authorized foreign representative of Unique Broadband Systems Ltd. ("UBS") and UBS-Axcera, Ltd. ("UBS-Axcera," and, with UBS, the "Debtors") (collectively, the "Debtors"), and not in its personal or corporate capacity, hereby moves as follows:

### RELIEF REQUESTED

1.      Pursuant to sections 105(a), 1514 and 1515 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Receiver respectfully requests entry of an order substantially in the form attached as **Exhibit A** (the "Proposed Order"):

a.      approving the form of notice attached to the Proposed Order as **Exhibit 1** (the "Recognition Hearing Notice"), which is designed to provide parties in interest notice of the following:

i.      the Receiver's filing of petitions for recognition under chapter 15 of the Bankruptcy Code (the "Petitions") and certain related papers, including

---

[1]      The Debtors and the last four digits of their U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Unique Broadband Systems Ltd. (2249) (Ontario Corporation No.) and UBS-Axcera, Inc. (3865) (FEIN).   The Debtors' mailing address is 400 Spinnaker Way, Concord, ON L4K 5Y9, Canada.   The Receiver and Foreign Representative is BDO Canada Limited, 20 Wellington Street East, Suite 500 Toronto, ON M5E 1C5, Canada.

the *Motion of the Receiver as Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Proceeding and Certain Related Relief under Sections 105(a), 362, 365, 1517, 1519, 1520, and 1521 of the Bankruptcy Code* (the "<u>Recognition Motion</u>");

ii.　　the Court's entry of a provisional order (the "<u>Provisional Order</u>") (x) enforcing in the United States, on a provisional basis, the Receivership Order entered on May 28, 2019, by the Superior Court of Justice (Commercial List) in Ontario, Canada (the "<u>Canadian Court</u>") and (y) granting, on a provisional basis, related relief sought in the Recognition Motion;

iii.　　the deadline to object (the "<u>Recognition Objection Deadline</u>") to the Petitions and the Court's entry of an order (the "<u>Final Order</u>") granting recognition of the Canadian Proceeding (defined below) and granting, on a final basis, the other relief sought in the Recognition Motion, and

iv.　　the date, time and location of the Recognition Hearing (defined below);

b.　　scheduling a hearing (the "<u>Recognition Hearing</u>") for the Court to consider the Petitions, recognition of the Canadian Proceeding (defined below) as a foreign main proceeding, or in the alternative, a foreign nonmain proceeding, and the other relief sought in the Recognition Motion on a final basis;

c.　　approving the manner of service of the Recognition Hearing Notice;

d.　　approving the manner of service on the Master Service List (as defined below) of any papers that the Receiver files and is required to serve in these chapter 15 cases; and

e.　　granting related relief.

## JURISDICTION AND VENUE

2.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.   Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. § 157(b)(2)(P).

3.　　The Receiver, solely in its capacity as authorized foreign representative, and not in its personal or corporate capacity, consents to the entry of final orders or judgments by

the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      Venue in this district is proper under 28 U.S.C. §§ 1410(1) and (3).

## BACKGROUND

5.      On or about May 28, 2019, the Canadian Court entered the Receivership Order appointing the Receiver as receiver and manager of all assets, undertakings and properties of the Debtors pursuant to section 101 of Ontario's *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended and section 243(1) of Canada's *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended.   The proceeding before the Canadian Court is captioned under Court File No.: CV-19-620769-00CL (the "Canadian Proceeding").

6.      On the date hereof, the Receiver filed petitions under chapter 15 of the Bankruptcy Code for recognition of the Canadian Proceeding, thereby commencing the Debtors' chapter 15 cases.

7.      Additional information concerning the Debtors and the Canadian Proceeding is found in the contemporaneously filed *Declaration of Gary Cerrato in Support of (I) Chapter 15 Petitions for Recognition of Foreign Proceeding, (II) Motion of the Receiver for Entry of Provisional and Final Relief in Aid of Foreign Proceeding, and (III) Certain Related Relief* (the "Cerrato Declaration").   The Cerrato Declaration is incorporated herein by reference.

## PROPOSED NOTICE, OBJECTION PROCEDURES AND HEARING

### A.    Notice Procedures and Master Service List

8.    The Receiver proposes to serve the Recognition Hearing Notice, along with the Petitions, the Provisional Order, and the Recognition Motion (including the proposed Final Order) by mail within three business days of entry of the Proposed Order, or as soon thereafter as is reasonably practicable, on the following parties or their counsel (if known) (collectively, the "Notice Parties"): (a) all persons or bodies authorized to administer foreign proceedings of the Debtors; (b) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code, including all known creditors and contract-counterparties of the Debtors in the United States; (c) all parties to litigation pending in the United States to which any of the Debtors is a party at the time of the filing of the Petitions; (d) the Office of the United States Trustee for the District of Delaware and; (e) all other parties who have requested notice in these cases as of the date of such service.

9.    Additionally, the Receiver proposes that, where it is required to serve papers it files in these chapter 15 cases in the future, it be permitted to do so by mail on: (i) the Notice Parties; (ii) any party that has entered an appearance or requested notice in these chapter 15 cases; and (iii) to the extent applicable, any party whose rights are affected by the relief requested (collectively, the "Master Service List").

### B.    Objections to Petitions and Recognition Motion

10.    The Receiver further requests that the Court require that objections or responses, if any, to the Petitions, recognition of the Canadian Proceeding as a foreign main proceeding or foreign nonmain proceeding, or to any of the other relief requested in the Recognition Motion, (i) be in writing, (ii) detail the factual and legal basis for the response or objection, (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the <u>Local Rules</u>"), and (iv) be filed with the Office of the Clerk of the Court, 824 N. Market Street, Third Floor, Wilmington, Delaware 19801, and served upon the following counsel for the Receiver so as to be received at least seven days prior to the Recognition Hearing: (i) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Floor, P.O. Box 1347, Wilmington, Delaware 19801, Facsimile: (302) 658-3989, Attention: Derek C. Abbott (dabbott@mnat.com) and Matthew B. Harvey (mharvey@mnat.com); and (ii) Thornton Grout Finnigan LLP, Suite 3200, Canadian Pacific Tower, 100 Wellington St. West, Toronto (Ontario), Canada M5K 1K7, Facsimile: (416) 304-1313, Attention: D.J. Miller (djmiller@tgf.ca) and Rachel Bengino (rbengino@tgf.ca).

C.    **Recognition Hearing**

11.    The Receiver requests that the Recognition Hearing be scheduled during the week of July 1, 2019, or, if unavailable, then on another date that meets the needs of these cases.

**BASIS FOR RELIEF**

12.    Bankruptcy Rule 2002(q)(1) requires "at least 21 days' notice by mail of the hearing" on a petition for recognition of a foreign proceeding to "the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the [Bankruptcy] Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct."    Fed. R. Bankr. P. 2002(q)(1).    The notice also is required to state whether the petition seeks recognition as a foreign main proceeding or foreign nonmain proceeding, and include any other document that the court may require.    *See id.*

13.     Bankruptcy Rules 2002(m) and 9007 provide that when notice is to be given under the Bankruptcy Rules, the court may enter orders designating the form and manner in which such notice shall be given.   Fed. R. Bankr. P. 2002(m) and 9007.   Further, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by the Receiver.   *See* 11 U.S.C. § 105(a) (stating that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]"); *see also* 11 U.S.C. 103(a) (chapter 1 is applicable in a case under chapter 15).

14.     The Recognition Hearing Notice and the proposed manner of serving the Recognition Hearing Notice and related papers should be approved because they meet the requirements of Bankruptcy Rule 2002(q).   The proposed Notice Parties comprise all of the parties required to be served under Bankruptcy Rule 2002(q), and the Receiver intends to give such parties at least 21 days' notice by mail of the Recognition Hearing as required by the rule. Additionally, the Recognition Hearing Notice states that the Receiver is seeking recognition of the Canadian Proceeding as a foreign main proceeding, or, in the alternative, a foreign nonmain proceeding.   Finally, the Receiver intends to include with the Recognition Hearing Notice copies of other key documents in these chapter 15 cases, including the Petitions, the Provisional Order, and the Recognition Motion (including the proposed Final Order).   Accordingly, the form of Recognition Hearing Notice and the manner and timing of service comply with Bankruptcy Rule 2002(q) and should be approved.

15.     Likewise, scheduling the Recognition Hearing during the week of July 1, 2019, is consistent with Bankruptcy Rule 2002(q) because it provides sufficient time for the

Receiver to complete the mailing described herein and ensures that the Notice Parties will receive at least 21 days' notice by mail as required by the rule.

16.    For similar reasons, approving service by mail on the Master Service List for future papers filed in these cases is an efficient, effective, and predictable method for providing notice to such key parties in these cases.   The Master Service List is consistent with Local Rule 2002-1(b), which requires service of all motion papers "only upon counsel for the debtor, counsel for the foreign representative, the United States Trustee, counsel for all official committees, all parties who file a request for service of notices under Fed. R. Bankr. P. 2002(i) and all parties whose rights are affected by the motion, as applicable."   To the extent such parties exist or are applicable in these chapter 15 cases, they are included in the Master Service List.

17.    For these reasons, the Receiver requests that the relief requested is appropriate, consistent with applicable Bankruptcy Rules, and should be granted.

## WAIVER OF REQUIREMENTS OF SECTION 1514(c) OF THE BANKRUPTCY CODE

18.    The Receiver respectfully requests that the Court waive, to the extent applicable, the requirements of section 1514(c) of the Bankruptcy Code, which provides as follows:

> (c) When a notification of commencement of a case is to be given to foreign creditors, such notification shall—
> (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim;
> (2) indicate whether secured creditors need to file proofs of claim; and
> (3) contain any other information required to be included in such notification to creditors under this title and the orders of the court.

11 U.S.C. § 1514(c).   Initially, it is not clear that section 1514 of the Bankruptcy Code is applicable to ancillary cases under chapter 15 of the Bankruptcy Code.   According to the

leading bankruptcy treatise, Collier on Bankruptcy, section 1514 of the Bankruptcy Code is the "last in a series of sections dealing with the international aspects of cases under chapters *other than chapter 15*."   8 COLLIER ON BANKRUPTCY ¶ 1514.01 (Alan N. Resnick, *et al.*, 16th ed. rev. 2009) (emphasis added).   Indeed, the requirements for notification set forth in section 1514 are at odds with the requirements of Bankruptcy Rule 2002(q) which clearly applies to a case under chapter 15 and with which the Receiver will comply as set forth in this Motion.

19.     Moreover, section 1514(c) applies only when a "notice of commencement" is issued.   Under section 342(a) and Bankruptcy Rule 2002(f), a notice of commencement issues upon the entry of an order for relief.   But there is no "order for relief" in a chapter 15 case, nor is there a requirement to issue a notice of commencement as in other chapters under the Bankruptcy Code.   Furthermore, section 342 does not apply in chapter 15 cases.   *See* 11 U.S.C. § 103(a) (stating that "sections 307, 362(o), 555 through 557, and 559 through 562 apply in a case under chapter 15").   For these reasons, the Receiver does not believe that the requirements set forth in section 1514 apply to these cases.   Out of an abundance of caution, however, the Receiver respectfully requests that, to the extent applicable, the notice requirements of section 1514 of the Bankruptcy Code be waived in these chapter 15 cases.

20.     In any event, the Receiver does not currently intend to conduct a claims process in these chapter 15 cases; therefore, the requirements of section 1514(c) are not applicable.   To the extent there is a claims process established in the Canadian Proceeding, the Receiver will comply with any relevant orders issued by the Canadian Court with respect to providing notice of any applicable deadlines or procedures for filing claims.

## NOTICE

21.    The Receiver requests that the Court grant this Motion without notice. The Receiver will serve notice of the signed order on the Notice Parties in accordance with the procedures set forth in this Motion.   In light of the nature of the relief requested, the Receiver requests that this Court find that no further notice is required.

WHEREFORE, the Receiver respectfully requests that the Court enter the Proposed Order substantially in the form attached as **Exhibit A**, and grant such other and further relief as the Court deems just and proper.

Dated: June 10, 2019
       Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/  Paige N. Topper*
Derek C. Abbott (No. 3367)
Matthew B. Harvey (No. 5186)
Paige N. Topper (No. 6470)
1201 N. Market St., 16th Floor
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile:   (302) 658-3989
dabbott@mnat.com
mharvey@mnat.com
ptopper@mnat.com

- and –

THORNTON GROUT FINNIGAN LLP
D.J. Miller
Rachel Bengino
Suite 3200, Canadian Pacific Tower
100 Wellington St. West
Toronto (Ontario), Canada M5K 1K7
Telephone: (416) 304-1616
Facsimile:   (416) 304-1313
djmiller@tgf.ca
rbengino@tgf.ca

*Counsel for the Receiver as Foreign Representative*

# **Exhibit A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| Unique Broadband Systems Ltd., *et al.*, | Case No. 19-_____ (     ) |
| Debtors in a Foreign Proceeding.[1] | Joint Administration Requested |

**ORDER (I) SPECIFYING FORM AND MANNER OF SERVICE OF THE**
**RECOGNITION HEARING NOTICE UNDER SECTIONS 105(a), 1514 AND 1515**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 9007,**
**(II) SCHEDULING HEARING, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of BDO Canada Limited, solely in its capacity as court-appointed receiver (the "Receiver"), manager, and authorized foreign representative of Unique Broadband Systems Ltd. ("UBS") and UBS-Axcera, Inc. ("UBS-Axcera," and, with UBS, the "Debtors"), and not in its personal or corporate capacity, for entry of an order under sections 105(a), 1514 and 1515 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), scheduling the Recognition Hearing and specifying the form and manner of service of the Recognition Hearing Notice, all as more fully described in the Motion; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2)(P); and a hearing having been held to consider the relief

---

[1]      The Debtors and the last four digits of their U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Unique Broadband Systems Ltd. (2249) (Ontario Corporation No.) and UBS-Axcera, Inc. (3865) (FEIN).   The Debtors' mailing address is 400 Spinnaker Way, Concord, ON L4K 5Y9, Canada.   The Receiver and Foreign Representative is BDO Canada Limited, 20 Wellington Street East, Suite 500 Toronto, ON M5E 1C5, Canada.

[2]      Capitalized terms not defined in this Order are defined in the Motion.

requested in the Motion; and upon the Cerrato Declaration filed contemporaneously with the Motion; and after due deliberation and good and sufficient cause appearing for approval of the Motion;

**IT IS HEREBY ORDERED THAT:**

1.      The relief requested in the Motion is GRANTED as set forth herein.

2.      The Court will hold a hearing on the relief requested by the Petitions and the Recognition Motion, including recognition of the Canadian Proceeding as a foreign main proceeding, or, in the alternative, a foreign nonmain proceeding, on _____, 2019 at _____ (prevailing Eastern Time).

3.      The Recognition Hearing Notice substantially in the form attached hereto as **Exhibit 1** is hereby approved.

4.      Within three business days of entry of this Order (or as soon thereafter as is reasonably practicable), the Receiver shall serve or cause to be served on the Notice Parties by mail copies of the Recognition Hearing Notice, along with copies of the Petitions, Provisional Order, and Recognition Motion (including the proposed Final Order).

5.      Service of the Recognition Hearing Notice in accordance with this Order is approved as adequate and sufficient notice on all interested parties under the Bankruptcy Rules and the Bankruptcy Code.

6.      Except as otherwise ordered by the Court, the Receiver shall serve, or cause to be served, all papers filed by the Receiver in these chapter 15 cases, for which notice or service is required by Court order, the Bankruptcy Code, or the Bankruptcy Rules, on the Master Service List by mail.

7.      Responses or objections to the Petitions, recognition of the Canadian Proceeding as a foreign main proceeding or foreign nonmain proceeding, or the Recognition Motion and the relief requested therein must (i) be in writing, (ii) detail the factual and legal bases for the response or objection, (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and (iv) be filed with the Office of the Clerk of the Court, 824 N. Market Street, Third Floor, Wilmington, Delaware 19801, and served upon the following counsel for the Receiver so as to be received no later than 4:00 p.m. seven (7) days prior to the Recognition Hearing: (i) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Floor, P.O. Box 1347, Wilmington, Delaware 19801, Facsimile: (302) 658-3989, Attention: Derek C. Abbott (dabbott@mnat.com) and Matthew B. Harvey (mharvey@mnat.com); and (ii) Thornton Grout Finnigan LLP, Suite 3200, Canadian Pacific Tower, 100 Wellington St. West, Toronto (Ontario), Canada M5K 1K7, Facsimile: (416) 304-1313, Attention: D.J. Miller (djmiller@tgf.ca) and Rachel Bengino (rbengino@tgf.ca).

8.      All notice requirements specified in section 1514 of the Bankruptcy Code, except as may be set forth herein, are hereby waived or otherwise deemed inapplicable to these cases.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     The Receiver is authorized to take all actions and incur or pay all costs or expenses necessary to effectuate the relief granted under this Order in accordance with the Motion.

11.     This Court shall retain jurisdiction with respect to any and all matters relating to the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
        _____, 2019

_____
UNITED STATES BANKRUPTCY JUDGE

# **<u>EXHIBIT 1</u>**

Notice of Recognition Hearing

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 15 |
| Unique Broadband Systems Ltd., *et al.*, | Case No. 19-_____ (    ) |
| Debtors in a Foreign Proceeding.[1] | Joint Administration Requested |

## NOTICE OF (I) FILING OF CHAPTER 15 PETITIONS, (II) ENTRY OF PROVISIONAL ORDER, (III) MOTION FOR RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF, AND (IV) HEARING ON PETITIONS AND RELATED RELIEF

**PLEASE TAKE NOTICE** that on [●], 2019, BDO Canada Limited, solely in its capacity as court-appointed receiver (the "Receiver"), manager, and authorized foreign representative of Unique Broadband Systems Ltd. ("UBS") and UBS-Axcera, Inc. ("UBS-Axcera," and, with UBS, the "Debtors"), and not in its personal or corporate capacity, and in connection with the pending proceeding (the "Canadian Proceeding") under the *Courts of Justice Act* and *Bankruptcy and Insolvency Act* in the Superior Court of Justice (Commercial List) in Ontario, Canada (the "Canadian Court"), filed (i) petitions (the "Petitions") for recognition of the Canadian Proceeding as a foreign main proceeding, or in the alternative, a foreign nonmain proceeding, of the Debtors in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code"), and (ii) the *Motion of the Receiver as Authorized Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Proceeding and Certain Related Relief under Sections 105(a), 362, 365, 1517, 1519, 1520 and 1521 of the Bankruptcy Code* (the "Recognition Motion"), seeking recognition of the Canadian Proceeding as a foreign main proceeding, or in the alternative, a foreign nonmain proceeding under section 1517 of the Bankruptcy Code and related relief.   Copies of the Petitions are attached hereto as **Exhibits 1A and 1B**.   A copy of the Recognition Motion is attached hereto as **Exhibit 2**.

**PLEASE TAKE FURTHER NOTICE** that on _____, 2019, the Bankruptcy Court entered an order granting provisional and injunctive relief, and related relief [D.I. ●] pursuant to, among other authority, sections 105(a) and 1519 of the Bankruptcy Code (the "Provisional Order") with respect to the Debtors, their assets, and their contracts in the United States.   The Provisional Order, among other relief, enjoins actions in the United States in contravention of the orders of the Canadian Court in the Canadian Proceeding from the entry of such Provisional Order through and including the date of the Recognition Hearing (as defined

---

[1]     The Debtors and the last four digits of their U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Unique Broadband Systems Ltd. (2249) (Ontario Corporation No.) and UBS-Axcera, Inc. (3865) (FEIN).   The Debtors' mailing address is 400 Spinnaker Way, Concord, ON L4K 5Y9, Canada.   The Receiver and Foreign Representative is BDO Canada Limited, 20 Wellington Street East, Suite 500 Toronto, ON M5E 1C5, Canada.

below), enjoins certain creditor action with respect to the Debtors and their assets in the United States, and enjoins contract counterparties from terminating contracts with the Debtors, all as set forth in detail in the Provisional Order.   A copy of the Provisional Order is attached hereto as **Exhibit 3**.

PLEASE TAKE FURTHER NOTICE that a hearing has been scheduled for **July   , 2019, at _____ (prevailing Eastern Time)**, to consider the Petitions and the relief requested by the Receiver in the Recognition Motion on a final basis (the "Recognition Hearing"), including recognition of the Canadian Proceeding as a foreign main proceeding, or in the alternative, a foreign nonmain proceeding, under chapter 15 of the Bankruptcy Code and giving full force and effect to orders entered in the Canadian Proceeding, and related relief and any objections or responses thereto.

PLEASE TAKE FURTHER NOTICE that responses or objections to the Petitions, recognition of the Canadian Proceeding as a foreign main proceeding or foreign nonmain proceeding, or the Recognition Motion and the relief requested therein must (i) be in writing, (ii) detail the factual and legal bases for the response or objection, (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and (iv) be filed with the Office of the Clerk of the Court, 824 N. Market Street, Third Floor, Wilmington, Delaware 19801, and served upon the following counsel for the Receiver so as to be received by **June   , 2019 at 4:00 p.m. (prevailing Eastern Time)**: (i) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Floor, P.O. Box 1347, Wilmington, Delaware 19801, Facsimile: (302) 658-3989, Attention: Derek C. Abbott (dabbott@mnat.com) and Matthew B. Harvey (mharvey@mnat.com); and (ii) Thornton Grout Finnigan LLP, Suite 3200, Canadian Pacific Tower, 100 Wellington St. West, Toronto (Ontario), Canada M5K 1K7, Facsimile: (416) 304-1313, Attention: D.J. Miller (djmiller@tgf.ca) and Rachel Bengino (rbengino@tgf.ca).

PLEASE TAKE FURTHER NOTICE that all parties wishing to appear at the Recognition Hearing by telephone must, in accordance with the *Instructions for Telephonic Appearances Effective April 5, 2005, revised May 11, 2018*, contact CourtCall via telephone (for callers calling from within the United States of America: 866-582-6878; for callers calling from outside of the United States of America: 310-743-1886) or facsimile (for parties sending facsimiles from within the United States of America: 866-533-2946; for parties sending facsimiles from outside of the United States of America: 310-743-1850) **by no later than noon (prevailing Eastern Time) one business day prior to the Recognition Hearing** to register their telephonic appearances.   At the same time, you must notify the counsel listed above of your intent to appear by telephone at the Recognition Hearing.

PLEASE TAKE FURTHER NOTICE that if no objection or response is timely filed and served as provided above, the Bankruptcy Court may grant the relief requested in the Petitions and the Recognition Motion without further notice or hearing.

PLEASE TAKE FURTHER NOTICE that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court at the Recognition Hearing of the adjourned date or dates of the hearing.

Copies of the Petitions, Recognition Motion and other filings in these cases are presently available on the Bankruptcy Court's Electronic Case Filing System, which can be accessed from the Bankruptcy Court's website at https://ecf.deb.uscourts.gov (a PACER login and a password are required to retrieve a document).


Dated:    June 10, 2019
             Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/  DRAFT*
Derek C. Abbott (No. 3367)
Matthew B. Harvey (No. 5186)
Paige N. Topper (No. 6470)
1201 N. Market St., 16th Floor
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile:    (302) 658-3989
dabbott@mnat.com
mharvey@mnat.com
ptopper@mnat.com

- and –

THORNTON GROUT FINNIGAN LLP
D.J. Miller
Rachel Bengino
Suite 3200, Canadian Pacific Tower
100 Wellington St. West
Toronto (Ontario), Canada M5K 1K7
Telephone: (416) 304-1616
Facsimile:    (416) 304-1313
djmiller@tgf.ca
rbengino@tgf.ca

*Counsel for the Receiver as Foreign Representative*

# **Exhibit 1A and 1B**

Chapter 15 Petitions for Recognition

[*Intentionally omitted from filed version;
to be included in mailing*]

# **Exhibit 2**

Recognition Motion

[*Intentionally omitted from filed version;*
*to be included in mailing*]

# **Exhibit 3**

Provisional Order

[*Intentionally omitted from filed version;
to be included in mailing*]