## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 15 |
| Unique Broadband Systems Ltd., *et al.*, | Case No. 19-_____ (    ) |
| Debtors in a Foreign Proceeding.[1] | Joint Administration Requested |

## MOTION OF THE RECEIVER AS AUTHORIZED FOREIGN REPRESENTATIVE FOR ENTRY OF PROVISIONAL AND FINAL ORDERS GRANTING RECOGNITION OF FOREIGN PROCEEDING AND CERTAIN RELATED RELIEF UNDER SECTIONS 105(a), 362, 365, 1517, 1519, 1520 AND 1521 OF THE BANKRUPTCY CODE

BDO Canada Limited, solely in its capacity as court-appointed receiver (the "Receiver"), manager, and authorized foreign representative of Unique Broadband Systems Ltd. ("UBS") and UBS-Axcera, Ltd. ("UBS-Axcera," and, with USB, the "Debtors"), and not in its personal or corporate capacity, respectfully moves (the "Motion") as follows.

### RELIEF REQUESTED

1.      Pursuant to sections 105(a), 362, 365, 1517, 1519, 1520 and 1521 of title 11 of the United States Code (the "Bankruptcy Code"), the Receiver respectfully requests entry of:

(i)      a provisional order substantially in the form attached as **Exhibit A** (the "Provisional Order") enforcing in the United States, on a provisional basis, the Receivership Order with respect to the Debtors and their assets issued and entered on May 28, 2019, by the Superior Court of Justice (Commercial List) in Ontario, Canada (the "Canadian Court"), Court File No.: CV-19-620769-00CL (the

---

[1]      The Debtors and the last four digits of their U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Unique Broadband Systems Ltd. (2249) (Ontario Corporation No.) and UBS-Axcera, Inc. (3865) (FEIN).  The Debtors' mailing address is 400 Spinnaker Way, Concord, ON L4K 5Y9, Canada.  The Receiver and Foreign Representative is BDO Canada Limited, 20 Wellington Street East, Suite 500 Toronto, ON M5E 1C5, Canada.

"Canadian Proceeding"), and, under sections 105(a), 1519(a) and 1521(a)(7) of the Bankruptcy Code, applying sections 362 and 365(e) of the Bankruptcy Code in these chapter 15 cases on a provisional basis and authorizing the Receiver to operate the Debtors' businesses and administer the Debtors' assets on a provisional basis, and granting related relief; and

(ii)    after notice and a hearing, a final order substantially in the form attached as **Exhibit B** (the "Final Order") (a) granting the chapter 15 petitions in these cases and recognizing the Canadian Proceeding as a foreign main proceeding, or in the alternative a foreign nonmain proceeding, under section 1517 of the Bankruptcy Code, (b) giving full force and effect in the United States to the Receivership Order, including any and all extensions or amendments thereof authorized by the Canadian Court and extending the protections of the Receivership Order to the Debtors on a final basis, (c) applying section 365 of the Bankruptcy Code in these chapter 15 cases on a final basis under section 1521 of the Bankruptcy Code, and (d) granting related relief.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. § 157(b)(2)(P).

3.      The Receiver, solely in its capacity as authorized foreign representative, and not in its personal or corporate capacity, consents to the entry of final orders or judgments by

the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. Venue in this district is proper under 28 U.S.C. §§ 1410(1) and (3).

5. The statutory predicates for the relief requested herein are sections 105(a), 362, 365, 1517, 1519, 1520 and 1521 of the Bankruptcy Code.

## BACKGROUND

6. On or about May 28, 2019, the Canadian Court entered the Receivership Order appointing the Receiver as receiver and manager of all assets, undertakings and properties of the Debtors pursuant to section 101 of Ontario's *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended and section 243(1) of Canada's *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended.

7. On the date hereof, the Receiver filed petitions under chapter 15 of the Bankruptcy Code for recognition of the Canadian Proceeding, thereby commencing the Debtors' chapter 15 cases.

8. Additional information concerning the Debtors and the Canadian Proceeding is found in the contemporaneously filed *Declaration of Gary Cerrato in Support of (I) Chapter 15 Petitions for Recognition of Foreign Proceeding, (II) Motion of the Receiver for Entry of Provisional and Final Relief in Aid of Foreign Proceeding, and (III) Certain Related Relief* (the "Cerrato Declaration"). The Cerrato Declaration is incorporated herein by reference.

## BASIS FOR RELIEF

9. Similar to the protection provided to debtors under the Bankruptcy Code, upon entry of the Receivership Order, the Debtors' creditors are stayed from taking litigation actions against the Debtors and their assets, wherever located, and contract counterparties are

stayed from terminating, modifying or refusing to perform under contracts with the Debtors. Additionally, the Receivership Order, among other relief, vests the Receiver with broad power and control over the Debtors' assets and businesses, including by granting the Receiver express authority to operate the Debtors' businesses and administer the Debtors' assets.  Notwithstanding the worldwide application of the stay imposed by the Receivership Order, the prohibitions related to the Debtors' contracts, and the grant of authority to operate the Debtors' businesses and administer their assets, there is a risk that the Debtors' creditors may attempt to take enforcement actions against the Debtors' assets located in the United States, terminate or interfere with U.S. contracts with the Debtors, or refuse to recognize and/or interfere with the Receiver's authority to operate the Debtors' businesses and administer their assets.

10.    To protect against these risks, the Receiver commenced these chapter 15 cases and, by this Motion, is seeking the entry of the Final Order (i) granting recognition of the Canadian Proceeding, (ii) giving full force and effect in the United States to the Receivership Order, and (iii) applying section 365 of the Bankruptcy Code to these chapter 15 cases.  Entry of the Final Order granting such relief would, among other things, extend the protections of the automatic stay to the Debtors' assets located in the United States, prevent contract counterparties from modifying, terminating, refusing to perform under, or interfering with the Debtors' U.S. contracts, and vest the Receiver with authority to operate the Debtors' businesses and administer their assets located in the United States.

11.    In addition, the Receiver is seeking entry of the Provisional Order applying sections 362 and 365(e) on a provisional basis to ensure that, pending entry of the Final Order, creditors do not attempt to bring any enforcement action against the Debtors or their assets, or attempt to terminate, modify, or refuse to perform under their contracts with the Debtors.  The

Provisional Order would also recognize and enforce the Receiver's authority to operate the Debtors' businesses and administer their assets in the United States, consistent with the authority granted in the Receivership Order. This provisional relief is necessary and appropriate to maintain the status quo and preserve the Debtors' assets in the period before the Court holds a hearing on recognition and entry of the Final Order.

12.    Provisional and final relief are appropriate. To be recognized under chapter 15, a proceeding must be a "foreign proceeding," the chapter 15 petition(s) must be filed by an authorized "foreign representative" and the chapter 15 petition(s) must meet the requirements of the Bankruptcy Code. As discussed in more detail below, the Canadian Proceeding qualifies as a foreign proceeding, the Receiver is an authorized foreign representative within the meaning of the Bankruptcy Code, and the Petitions meet the requirements of chapter 15 of the Bankruptcy Code. Furthermore, the Canadian Proceeding is a foreign main proceeding because the Debtors' center of main interest is in Canada as discussed further below. To the extent not recognized as a foreign main proceeding, the Canadian Proceeding is a foreign nonmain proceeding because each Debtor has an establishment within the meaning of section 1502 of the Bankruptcy Code in Canada as detailed below.

13.    For provisional relief, the familiar standards applicable to an injunction apply: (i) whether there is a substantial likelihood of success on the merits; (ii) whether irreparable harm will be suffered if the requested injunction is denied; (iii) whether granting preliminary relief will result in greater harm to nonmoving parties; and (iv) whether the public interest favors such relief. As discussed below, the Receiver has a substantial likelihood of success, and the balance of harms and public interest strongly favor granting provisional relief.

I.      **The Canadian Proceeding should be recognized as a foreign main proceeding.**

14.     By this Motion, the Receiver seeks, under sections 1517 and 1520 of the Bankruptcy Code, recognition of the Canadian Proceeding as a foreign main proceeding, recognition and enforcement of the Receivership Order in the United States, and related relief. The Canadian Proceeding is entitled to recognition as a "foreign main proceeding" under chapter 15 of the Bankruptcy Code because, among other things:

> a.      the Canadian Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code;
>
> b.      the Receiver is a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code;
>
> c.      the Petitions were filed in accordance with sections 1504 and 1509 of the Bankruptcy Code and meet the requirements of sections 1504 and 1515 of the Bankruptcy Code; and
>
> d.      the Canadian Proceeding is a "foreign main proceeding" because the Debtors have their center of main interest in Canada.

A.      **The Canadian Proceeding is a foreign proceeding.**

15.     To be recognized under chapter 15 of the Bankruptcy Code, a proceeding must qualify as a "foreign proceeding." *See* 11 U.S.C. § 1517(a). Section 101(23) of the Bankruptcy Code defines "foreign proceeding" as:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23). The Canadian Proceeding fits this definition. The Canadian Proceeding is a collective judicial proceeding brought in a foreign country (Canada) under the BIA (a Canadian

law relating to insolvency) that is supervised by a foreign court (the Canadian Court) for the purpose of liquidation. The Canadian Proceeding is similar to a chapter 7 case under the Bankruptcy Code, as both statutory regimes are designed to facilitate liquidation of a debtor, stay individual creditor collection efforts, create a centralized proceeding to assert and resolve claims against the debtors and its property, and provide a fair and equitable process for distribution to creditors in order of priority.

16.     United States bankruptcy courts have recognized the comprehensive and collective nature of BIA proceedings, as well as their striking similarity to chapter 7 cases under the Bankruptcy Code:

> The BIA contains a comprehensive procedure for the orderly marshalling and equitable distribution of a Canadian debtor's assets which closely resembles that available under the [Bankruptcy] Code. For example, the principal duties of a trustee under the BIA mirror those imposed upon a chapter 7 or 11 trustee under the [Bankruptcy] Code. Likewise, the automatic stay under the BIA § 69 is similar to that imposed by § 362 of the [Bankruptcy] Code. Like the [Bankruptcy] Code, the BIA recognizes the rights of secured creditors to realize on their collateral, protects that collateral from the claims of unsecured creditors and preserves the right of an undersecured creditor to assert a deficiency claim. It makes provision for the avoidance of fraudulent transfers or preferential payments, *see* BIA §§ 95, 96, and contains a comprehensive distribution scheme similar to that under the [Bankruptcy] Code.

*Petition of Davis*, 191 B.R. 577, 587 (Bankr. S.D.N.Y. 1996), *corrected* (Feb. 20, 1996). *See also In re Fracmaster, Ltd.*, 237 B.R. 627, 632, n.5 (Bankr. E.D. Tex. 1999) ("The Bankruptcy and Insolvency Act is the primary federal statute which deals with insolvency issues under Canadian law. It provides a system under which the creditors of a bankrupt can pursue their claims by collective action through a trustee, so that the bankrupt's assets can be administered and distributed on an equitable basis, subject to the priorities of the preferred creditors and the

rights of secured creditors."); *In re RHTC Liquidating Co.*, 424 B.R. 714, 717 (Bankr. W.D. Pa. 2010) ("[T]he BIA covers straight liquidations, similar to Chapter 7 of the Bankruptcy Code.").

17.　　Given the extensive similarities between BIA proceedings and chapter 7 cases, United States bankruptcy courts have not hesitated to recognize BIA proceedings as "foreign proceedings" under section 101(23) of the Bankruptcy Code.  *See, e.g.*, *In re Axios Logistics Solutions, Inc.*, Case No. 17-10438 (BLS) (Bankr. D. Del. Mar. 28, 2017), D.I. 27 (granting recognition of a Canadian BIA proceeding on a final basis); *In re Thane Int'l, Inc.*, Case No. 15-12186 (KG) (Bankr. D. Del. Dec. 1, 2015), D.I. 41 (same); *In re Tercon Inv. Ltd.*, Case No. 13-00015 (HAR) (Bankr. D. Alaska Feb. 19, 2013), D.I. 32 (same).

### B.　　The Receiver is the authorized foreign representative.

18.　　The chapter 15 petition(s) for recognition of a foreign proceeding must be filed by a foreign representative that is a person or body.  *See* 11 U.S.C. § 1517(a)(2).  Section 101(24) of the Bankruptcy Code provides that:

> The term "foreign representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).  Under the Bankruptcy Code, the term "person" includes any "individual, partnership, and corporation" that is not a governmental unit.

19.　　These chapter 15 cases were commenced by the duly-appointed "foreign representative" of the Debtors within the meaning of the Bankruptcy Code.  First, the Receiver is a corporation organized under the laws of Canada, and is not a governmental unit, and therefore is a "person" within the meaning of the Bankruptcy Code.  Second, the Receiver is both the person authorized in the Canadian Proceeding to administer the liquidation of the Debtors' assets and affairs *and* is the person specifically authorized by the Canadian Court to act as a foreign

representative of the Canadian Proceeding and to file these chapter 15 cases on behalf of the Debtors.

20.     For these reasons, the Receiver is a proper "foreign representative" within the meaning of the Bankruptcy Code.

### C.     The Petitions were properly filed and meet all applicable requirements of the Bankruptcy Code.

21.     To properly commence a chapter 15 case, a foreign representative must file a petition for recognition of a foreign proceeding under section 1515 of the Bankruptcy Code, *see* 11 U.S.C. §§ 1504, 1509(a) & 1515(a), and the petition must be accompanied by (i) a certified copy of the decision commencing the foreign proceeding and appointing the foreign representative, (ii) a certificate from the foreign court affirming such order exists, or (iii) other acceptable evidence that the foreign proceeding exists and the foreign representative has been duly appointed, *see id.* § 1515(b).  Additionally, the petition must be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative.  *Id.* § 1515(c).  All documents must be in English or translated into English.  *See id.* § 1515(d).

22.     As required by sections 1504 and 1509 of the Bankruptcy Code, the Receiver duly and properly commenced these chapter 15 cases by filing the Petitions under section 1515(a) accompanied by all documents and information required by sections 1515(b)–(d). In particular, the Receiver filed the Petitions with this Court directly as required by sections 1504, 1509(a) and 1515(a).   The Receiver attached to the Petitions a certified copy of the Receivership Order, which is the decision of the Canadian Court commencing the Canadian Proceeding and appointing the Receiver as foreign representative, thereby satisfying section 1515(b). The forms of the Petitions include a verified statement certifying that the only foreign

proceeding of which the Receiver is aware is the Canadian Proceeding, thereby satisfying section 1515(c).  Finally, the Receivership Order is in English, thereby satisfying section 1515(d).

23.    Accordingly, the Petitions were properly filed and meet all applicable requirements of the Bankruptcy Code.

### D.    The Canadian Proceeding should be recognized as a foreign main proceeding.

24.    The Canadian Proceeding should be recognized as a "foreign main proceeding," as defined in sections 101(23) and 1502(4) of the Bankruptcy Code.  A foreign proceeding will be recognized as a foreign main proceeding if "it is pending in the country where the debtor has the center of its main interests."  11 U.S.C. § 1517(b)(1).  Section 1516(c) of the Bankruptcy Code establishes a rebuttable presumption that the debtor's registered office is the debtor's center of main interests ("COMI").  *See* 11 U.S.C. § 1516(c).  When considering a debtor's COMI, courts may consider the analogous concept of an entity's "principal place of business" or "nerve center."  *Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 132 n.10 (2d Cir. 2013).  As such, courts will look to factors such as the location of the debtor's headquarters, the location of those who actually manage the debtor, and the location of the debtor's primary assets, among other things, to determine the foreign debtor's COMI.  *Id*. at 130.  Additionally, a debtor's COMI is determined as of the date the chapter 15 case is commenced.  *In re O'Reilly*, 2019 WL 1325694, at *14 (Bankr. W.D. Pa. Mar. 22, 2019) (holding that "the presumptive date from which the Court is to ascertain the debtor's center of main interests and/or establishment is the date the Chapter 15 petition was filed with this Court.") (citing *In re Fairfield Sentry Ltd.*, 714 F.3d 127, 134 (2d Cir. 2013) and *In re Ran*, 607 F.3d 1017 (5th Cir. 2010)).

25.     The above factors support a finding that the Debtors' COMI is Canada.  As detailed in the Cerrato Declaration, the center of main interests for the Debtors is in Canada, because, among other things, the Debtors' business operations, financing, and strategic decision-making are all located and/or executed from Canada.  Moreover, from and after May 28, 2019, the Debtors, and all of their assets, undertakings, and properties, have been under the exclusive dominion and control of the Receiver located in Toronto, Canada.  Accordingly, at the time the chapter 15 petitions were filed, the Debtors' COMI was in Canada.

### E.     The Receiver is entitled to an order granting recognition.

26.     As described above, the Canadian Proceeding is a "foreign main proceeding" within the meaning of section 1502 of the Bankruptcy Code, the Receiver applying for recognition is a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code, and the Petitions meet the requirements of section 1515 of the Bankruptcy Code.  Section 1517(a) of the Bankruptcy Code provides, in pertinent part, that "[s]ubject to section 1506, after notice and a hearing, an order recognizing a foreign proceeding *shall* be entered if" the foregoing requirements are met.   11 U.S.C. §1517(a) (emphasis added).[2] Accordingly, the Receiver respectfully submits that the Court should enter an order recognizing the Canadian Proceeding as a "foreign main proceeding" under the Bankruptcy Code.

### F.     In the alternative, the Canadian Proceeding should be recognized as a foreign nonmain proceeding.

27.     In the event this Court does not recognize the Canadian Proceeding as a foreign main proceeding, the Receiver submits that the Canadian Proceeding should be

---

[2]     *See also* H.R. Rep. 109-31(I), 109 Cong., Sess. 2005, *reprinted in* 2005 U.S.C.C.A.N. 88, 169 at 175 (noting, in enacting chapter 15, that the "decision to grant recognition is not dependent upon any findings about the nature of the foreign proceedings of the sort previously mandated by section 304(c) of the Bankruptcy Code.  The requirements of this section, which incorporates the definitions in section 1502 and sections 101(23) and (24), are all that must be fulfilled to attain recognition").

recognized as a foreign nonmain proceeding as defined in sections 101(23) and 1502(5) of the Bankruptcy Code.

28.     A foreign proceeding will be recognized as a foreign nonmain proceeding if "the debtor has an establishment within the meaning of section 1502 in the foreign country where the proceeding is pending." 11 U.S.C. § 1517(b)(2).   Section 1502(2) defines "establishment" as "any place of operations where the debtor carries out a nontransitory economic activity."  11 U.S.C. § 1502(2).  When it is apparent that an entity conducts operations in the country where a foreign proceeding is pending, courts will recognize the proceeding as a foreign nonmain proceeding if foreign main proceeding recognition is denied.  *See In re SPhinX, Ltd.*, 351 B.R. 103, 122 (Bankr. S.D.N.Y. 2006) *aff'd*, 371 B.R. 10 (S.D.N.Y. 2007);  *see also In re Fairfield Sentry Ltd.*, 2011 WL 4357421, at *10 n.8 (S.D.N.Y. Sept. 16, 2011) (agreeing with the Bankruptcy Court that if main recognition were not granted, nonmain recognition would have been appropriate because the debtor had an establishment, "i.e. a local place of business").  Like a debtor's COMI, a debtor's establishment is determined as of the date the chapter 15 case is commenced.  *See*, *e.g.*, *O'Reilly*, 2019 WL 1325694 at *14 (holding that "the presumptive date from which the Court is to ascertain the debtor's center of main interests and/or establishment is the date the Chapter 15 petition was filed with this Court.").

29.     As discussed above, the Debtors clearly each have an establishment in Canada because, among other things, the Debtors' business operations, financing, and strategic decision-making are all located and/or executed from Canada.  Moreover, from and after May 28, 2019, the Debtors, and all of their assets, undertakings, and properties, have been under the exclusive dominion and control of the Receiver located in Toronto, Canada.

**II.    Additional relief under section 1521 is appropriate.**

30.    In addition to the relief automatically provided by section 1520 of the Bankruptcy Code upon recognition of a foreign main proceeding, the Receiver requests additional relief under section 1521 of the Bankruptcy Code to protect the Debtors' assets and their creditors' interests.  Section 1521 of the Bankruptcy Code provides, in relevant part, that the court may grant a foreign representative "any appropriate relief," including "any relief that may be available to a trustee," subject to certain limitations (which do not apply here) where necessary to effectuate the purpose of chapter 15 and to protect the debtor's assets and creditors' interests.  11 U.S.C. § 1521(a)(7).  Accordingly, under section 1521(a)(7) of the Bankruptcy Code, the Receiver requests that the Court extend the protections afforded by section 365 of the Bankruptcy Code to the Debtors.

31.    Section 365 is a fundamental provision under the Bankruptcy Code that enables debtors to preserve valuable commercial relationships, including preventing counterparties from attempting to terminate their contracts or halt performance as a result of the debtor's insolvency.  *See In re Woskob*, 305 F.3d 177, 184–85 (3d Cir. 2002) (explaining that section 365 invalidates provisions of law or contract which specify that a bankruptcy filing per se will terminate or modify the contract); *In re DBSI, Inc.*, 409 B.R. 720, 728 (Bankr. D. Del. 2009).  It also enables the debtors to assume or assume and assign contracts that are beneficial and valuable, and reject those that are burdensome.  *See In re Fleming Companies, Inc.*, 499 F.3d 300, 304 (3d Cir. 2007) (stating that section 365 allows a trustee "to maximize the value of the debtor's estate by assuming executory contracts . . . that benefit the estate and rejecting those that do not").  Application of section 365 in these chapter 15 cases is necessary to protect against the disruption of and interference with liquidation efforts that would result from any attempt by a

contract counterparty to exercise remedies or cease performance under any executory agreement with the Debtors.

32.    Although contract counterparties, including those whose contracts are governed by state laws in the United States, are subject to the jurisdiction of the Canadian Court and bound by the Receivership Order, out of an abundance of caution and in order to fully protect the Debtors' rights, the Receiver seeks an order applying section 365 of the Bankruptcy Code in these chapter 15 cases.

33.    The Receiver must have certainty that counterparties to United States contracts will not terminate or exercise remedies under their prepetition agreements and will continue performing thereunder.  Without the preservation of their contractual relationships, the Debtors and their creditors may lose the benefit of these agreements, litigation may ensue, and counterparties may obtain unfair advantages over other creditors.  Accordingly, applying section 365 of the Bankruptcy Code is warranted in these chapter 15 cases, similar to how it has been applied in other chapter 15 cases.  *See, e.g., In re Kraus Carpet Inc.*, Case No. 18-12057 (KG) (Bankr. D. Del. Oct. 1, 2018), D.I. 46 (order applying section 365 in chapter 15 cases); *In re RCR Int'l Inc.*, Case No. 18-10112 (LSS) (Bankr. D. Del. Feb. 13, 2018), D.I. 11 (same); *In re Axios Logistics Solutions, Inc.*, Case No. 17-10438 (BLS) (Bankr. D. Del. Mar. 28, 2017), D.I. 27 (same); *Essar Steel Algoma Inc*., Case No. 15-12271 (BLS), D.I. 97 (Bankr. D. Del. Dec. 1, 2015) (same).

## III.    Provisional relief within the scope of section 1519 of the Bankruptcy Code is necessary and appropriate under the circumstances.

34.    By this Motion, the Receiver seeks entry of the Provisional Order recognizing and enforcing the Receivership Order on a provisional basis, and making sections 362 and 365(e) of the Bankruptcy Code applicable in these chapter 15 cases on a provisional

basis pending entry of the Final Order.  The Provisional Order would also recognize and enforce the Receiver's authority to operate the Debtors' businesses and administer their assets in the United States, consistent with the authority granted in the Receivership Order.  This provisional relief is consistent with the Receivership Order and is necessary and appropriate to maintain the status quo and preserve the Debtors' assets in the period before the Court holds a hearing on recognition and entry of the Final Order.

35.     Under section 1517, an order recognizing a foreign proceeding may only be entered after notice and a hearing.  *See* 11 U.S.C. § 1517(a).  Under Bankruptcy Rule 2002(q), the notice period must be at least 21 days.  *See* Fed. R. Bankr. P. 2002(q).  Upon recognition of a proceeding as a foreign main proceeding, among other things, section 362 (the automatic stay) applies.   *See*  11  U.S.C.  §  1520(a)(1).   Additionally,  upon  recognition  of  a  foreign  main proceeding, the foreign representative is authorized to operate the debtor's business in the United States.  *See* 11 U.S.C. § 1520(a)(3).  Absent provisional relief, there is no stay applicable in the United States during the period between filing the chapter 15 petitions and entry of a recognition order, nor is there any express authority under the Bankruptcy Code for the Receiver to operate the Debtors' businesses or administer their assets.  Therefore, provisional relief is necessary to protect the Debtors' assets during the period before the recognition hearing.  This includes (i) staying under section 362 the commencement or continuation of actions against the Debtors and their assets in the United States; (ii) ensuring that contract counterparties in the United States continue performing by enforcing section 365(e) of the Bankruptcy Code; and (iii) authorizing the Receiver to operate the Debtors' businesses and administer the Debtors' assets in the United States.  Accordingly, certain provisional relief is necessary.

## A.    Provisional relief is available.

36.    Section 1519(a) of the Bankruptcy Code authorizes the Court to, among other provisional relief, stay execution against the debtor's assets, entrust the foreign representative with administration or realization of all or part of the debtor's assets located in the United States and otherwise authorize the foreign representative to take steps necessary or desirable to protect and preserve the value of assets, and grant any relief available to a trustee (with exceptions not relevant here).  *See* 11 U.S.C. §§ 1519(a)(1)–(3); 1521(a)(7).  Extending the fundamental protections of the automatic stay of section 362 falls within this power.  *See* 11 U.S.C. § 1519(a)(1) (authorizing a stay of execution against the debtor's assets).  The same is true with respect to section 365(e).  11 U.S.C. §§ 1519(a)(3) (authorizing the court to grant on a provisional basis any relief available under section 1521(a)(7)); 1521(a)(7) (authorizing the court to grant any relief available to a trustee, with exceptions not relevant here).  Moreover, the relief authorized by the Receivership Order and under Canadian law is substantially similar to the relief available to a trustee under the Bankruptcy Code, and therefore the Court is merely extending temporary comity—comity that is fully consistent with relief available in a plenary U.S. case—to the Receivership Order pending a recognition hearing.  In addition, section 105(a) of the Bankruptcy Code further allows the Court to "issue any order . . . necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a).

37.    Courts within this jurisdiction have granted provisional relief similar to that which is sought herein, including provisionally recognizing and enforcing an order entered in a foreign proceeding and provisionally applying sections 362 and 365(e) of the Bankruptcy Code pending the recognition hearing, including in respect of Canadian BIA proceedings.  *See, e.g., In re Kraus Carpet Inc.*, Case No. 18-12057 (KG) (Bankr. D. Del. Sept. 12, 2018), D.I. 17 (order granting provisional relief, including recognition and enforcement of the initial order entered in a

foreign proceeding, and application of section 362 and 365(e)); *In re RCR Int'l Inc.*, Case No. 18-10112 (LSS) (Bankr. D. Del. Feb. 14, 2018), D.I. 18 (same); *In re Axios Logistics Solutions, Inc.*, Case No. 17-10438 (BLS) (Bankr. D. Del. Mar. 1, 2017), D.I. 13 (same); *Essar Steel Algoma Inc.*, Case No. 15-12271 (BLS) (Bankr. D. Del. Nov. 10, 2015), D.I. 30 (same).  Likewise, courts have granted receivers acting as foreign representatives authority to operate a debtor's business and administer its assets in the United States on a provisional basis.  *See*, *e.g.*, *In re Innova Global Ltd.*, Case No. 19-10653-R (Bankr. N.D. Okla. Apr. 5, 2019), D.I. 13.

> **B.**     **The provisional relief requested satisfies the standard for an injunction.**

38.     Relief under section 1519 of the Bankruptcy Code is available where the foreign representative can satisfy the standard for injunctive relief.  11 U.S.C. § 1519(e); *In re Innua Canada Ltd.*, No. 09-16362, 2009 WL 1025088, at *3 (Bankr. D.N.J. Mar. 25, 2009).  In the Third Circuit, the factors considered for injunctive relief include (i) likelihood of success on the merits; (ii) whether irreparable harm will occur if the requested injunction is denied; (iii) granting preliminary relief will not result in greater harm to the nonmoving party; and (iv) the public interest favors such relief.  *U.S. v. Bell*, 414 F.3d 474, 478 n.4 (3d Cir. 2005) (citing *ACLU of N.J. v. Black Horse Pike Reg'l Bd. of Educ.*, 84 F.3d 1471, 1477 n.2 (3d Cir. 1996)); *see also Rogers v. Corbett*, 468 F.3d 188, 192 (3d Cir. 2006) (citations omitted); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citations omitted).  The Receiver submits that this standard is satisfied here and, therefore, the Receiver is entitled to the requested provisional relief under section 1519 of the Bankruptcy Code, including entry of the Provisional Order.

1.    **There is a substantial likelihood of recognition of the Canadian Proceeding as a foreign main proceeding and application of requested additional Bankruptcy Code provisions.**

39.    There is a compelling case for recognition of the Canadian Proceeding as a foreign main proceeding as set forth in section I of this Motion, *supra*, and incorporated herein by reference.  As set out in more detail above, the Canadian Proceeding is a "foreign proceeding" and the Receiver is a "foreign representative" within the meaning of the Bankruptcy Code. Additionally, the Petitions were filed in accordance with, and meet all the applicable requirements of, chapter 15 of the Bankruptcy Code.  Finally, the Canadian Proceeding is a "foreign main proceeding" because the Debtors have their center of main interest in Canada.[3]

40.    Additionally, upon recognition of the Canadian Proceeding as a foreign main proceeding, section 362 of the Bankruptcy Code will automatically apply in these chapter 15 cases under section 1520(a)(1) of the Bankruptcy Code and the Receiver will have authority to operate the Debtors' business and exercise the rights and powers of a trustee under section 1520(a)(3) of the Bankruptcy Code. *See* 11 U.S.C. § 1520(a)(1),(3).  Likewise, the application of section 365(e) on a provisional basis, preventing contract counterparties from terminating or refusing to perform under their prepetition contracts with the Debtors, is consistent with the injunctive nature of the relief afforded by the automatic stay under section 362.  Furthermore, the relief is consistent with the Receivership Order, which, if recognized, will be given effect in the United States.  Thus, there is a substantial likelihood that the additional provisional relief requested will ultimately be granted on a final basis on the merits.  Furthermore, as discussed

---

[3]    As noted above, even if this Court does not recognize the Canadian Proceeding as a "foreign main proceeding," the Debtors each hold an establishment in Canada and thus the Canadian Proceeding constitutes a "foreign nonmain proceeding."

above, United States bankruptcy courts have consistently recognized that such relief is available and appropriate in similar circumstances.

41.    For these reasons, it is substantially likely that the Debtors will receive final approval of all of the relief requested.

## 2.    Irreparable harm may result absent provisional relief.

42.    Provisional recognition and relief under sections 362, 365(e) and 1519(a) of the Bankruptcy Code in these cases is important to prevent irreparable damage to the interests of the Debtors' estates, creditors, and the efficacy of the Canadian Proceeding.  These chapter 15 cases were commenced for the purpose of obtaining the assistance of this Court to give effect in the United States to the Receivership Order and other orders of the Canadian Court in the Canadian Proceeding.  Although the Receivership Order implements a stay preventing parties from taking actions against the Debtors and their assets wherever located, the Debtors have assets in the United States that may be subject to enforcement actions by certain creditors and litigants that may not believe they are bound by the Receivership Order.[4]  *See In re Daebo Int'l Shipping Co.*, 543 B.R. 47, 54 (Bankr. S.D.N.Y. 2015) (holding that "the Court finds that under Canadian law the stay order plainly was intended to have worldwide effect . . . .  Canadian law (and the stay order) are clear, and it is consistent with the purpose of Chapter 15 to give effect to them.").

43.    Courts in this district have recognized the need to provide provisional relief in order to ensure the orderly distribution of a debtor's assets in a single proceeding, and prevent piecemeal enforcement against a debtor's assets across multiple jurisdictions.  *See, e.g., In re Kraus Carpet Inc.*, Case No. 18-12057 (KG) (Bankr. D. Del. Sept. 12, 2018), D.I. 17 (granting recognition on a provisional basis); *In re RCR Int'l Inc.*, Case No. 18-10112 (LSS)

---

[4]    The Receiver reserves all rights and remedies with respect to any party that takes action against the Debtors or their assets inconsistent with the Receivership Order and Canadian law.

(Bankr. D. Del. Jan. 24, 2018), D.I. 11 (same); *In re Axios Logistics Solutions, Inc.*, Case No. 17-10438 (BLS) (Bankr. D. Del. Mar. 1, 2017), D.I. 13 (same); *In re Essar Steel Algoma Inc.*, Case No. 15-12271 (BLS) (Bankr. D. Del. Nov. 10, 2015), D.I. 30 (same).   The provisional relief requested is necessary to protect against potential destruction of asset value and interference with centralized, comprehensive liquidation efforts pending entry of the Final Order.   Without the relief, domestic creditors and contract counterparties, upon learning of the Debtors' insolvency proceedings in Canada, may result to self-help remedies, preferring themselves over the collective judicial proceedings and priority scheme in Canada (which are substantially similar to chapter 7 of the Bankruptcy Code).   This would undermine and potentially irreparably impair the centralized nature and fundamental fairness of the Canadian Proceeding, and would be an affront to international comity and the cross-border insolvency regime.   Accordingly, to avoid the possibility of irreparable harm to the general interests of the Debtors' creditors and the Canadian Proceeding, the Receiver requests that the provisional relief be granted.

### 3.    Provisional relief will benefit creditors.

44.    As alluded to above, preserving the status quo by imposing the automatic stay, protecting contracts, and authorizing the Receiver to operate the Debtors' businesses and exercise the rights of a trustee will not prejudice creditors.   Granting the request for provisional relief will ensure the value of the Debtors' assets is preserved, protected, and maximized for the benefit of and fair distribution to creditors in the order of priority, without the "race to the courthouse" or "self-help" that centralized insolvency regimes such as the BIA and the Bankruptcy Code are specifically designed to forestall.

### 4.    Public interest favors granting provisional relief.

45.    Provisional relief is consistent with the policies underlying the Bankruptcy Code, including the stay of individual creditor action and equitable treatment of all creditors

according to priorities.  Moreover, granting the requested relief is in the public interest because it will facilitate the Receiver's efforts to complete a court-supervised liquidation for the benefit of creditors and other stakeholders (including those in the United States).  Additionally, granting the provisional relief is in the public interest because it promotes cooperation between jurisdictions in cross-border insolvencies, which is an express purpose of chapter 15 of the Bankruptcy Code. 11 U.S.C. § 1501(a).

46.    For the reasons set forth herein, the Receiver respectfully requests that, pending the hearing on the Final Order, the Provisional Order be approved in all respects and that the terms and provisions of the Provisional Order be implemented and that, after the Final Hearing, the Final Order be approved in all respects and the terms and provisions of the Final Order be implemented.

## **NOTICE**

47.    The Receiver will provide notice of this Motion consistent with Local Rule 9013-1(m).   The Receiver proposes to further notify all creditors and parties in interest of the filing of these chapter 15 petitions and the Receiver's request for entry of the Final Order in the form and manner set forth in the *Motion of the Receiver as Authorized Foreign Representative for Entry of an Order (I) Specifying Form and Manner of Service of the Recognition Hearing Notice Under Sections 105(a), 1514 and 1515 of the Bankruptcy Code and Bankruptcy Rules 2002 and 9008, (II) Scheduling Hearing, and (III) Granting Related Relief*, which was filed concurrently herewith.  In light of the nature of the relief requested, the Receiver submits that no further notice is required.

WHEREFORE, the Receiver respectfully requests that the Court:  (a) enter the Provisional Order, substantially in the form attached hereto as **Exhibit A**; (b) enter the Final

Order, upon notice and a hearing, substantially in the form attached hereto as **Exhibit B**; and (c)

grant such other and further relief as it deems just and proper.

Dated:  June 10, 2019
       Wilmington, Delaware

                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                              */s/  Paige N. Topper*
                              Derek C. Abbott (No. 3367)
                              Matthew B. Harvey (No. 5186)
                              Paige N. Topper (No. 6470)
                              1201 N. Market St., 16th Floor
                              Wilmington, DE 19801
                              Telephone: (302) 658-9200
                              Facsimile:  (302) 658-3989
                              dabbott@mnat.com
                              mharvey@mnat.com
                              ptopper@mnat.com

                              - and -

                              THORNTON GROUT FINNIGAN LLP
                              D.J. Miller
                              Rachel Bengino
                              Suite 3200, Canadian Pacific Tower
                              100 Wellington St. West
                              Toronto (Ontario), Canada M5K 1K7
                              Telephone: (416) 304-1616
                              Facsimile:  (416) 304-1313
                              djmiller@tgf.ca
                              rbengino@tgf.ca

                              *Counsel for the Receiver as Foreign Representative*

# **Exhibit A**

Provisional Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| Unique Broadband Systems Ltd., *et al.*, | Case No. 19-_____ (    ) |
| Debtors in a Foreign Proceeding.[1] | Joint Administration Requested |

## ORDER GRANTING PROVISIONAL RECOGNITION OF FOREIGN PROCEEDING AND CERTAIN RELATED PROVISIONAL RELIEF UNDER SECTIONS 105(a), 362, 365, 1517, 1519, AND 1521 OF THE BANKRUPTCY CODE

Upon the motion (the "Motion")[2] of BDO Canada Limited, solely in its capacity as court-appointed receiver (the "Receiver"), manager, and authorized foreign representative of Unique Broadband Systems Ltd. ("UBS") and UBS-Axcera, Inc. ("UBS-Axcera," and, with UBS, the "Debtors"), and not in its personal or corporate capacity, for entry of provisional and final orders under sections 105(a), 362, 365, 1517, 1519, 1520 and 1521 of the Bankruptcy Code: (i) enforcing in the United States, on a provisional basis, the Receivership Order, by applying sections 362, 365(e) and 1520(a) of the Bankruptcy Code in these chapter 15 cases on a provisional basis under sections 105(a), 1519(a) and 1521(a)(7) of the Bankruptcy Code, applying section 1519(a)(2) of the Bankruptcy Code on a provisional basis, and granting such other and further relief as this Court deems just and proper; and after notice and a hearing; (ii) on a final basis (a) granting the petitions in these cases and recognizing the Canadian Proceeding as a foreign main proceeding, or in the alternative, as a foreign nonmain proceeding, under section 1517 of the Bankruptcy Code, (b) giving full force and effect in the United States to the

---

[1]     The Debtors and the last four digits of their U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Unique Broadband Systems Ltd. (2249) (Ontario Corporation No.) and UBS-Axcera, Inc. (3865) (FEIN).  The Debtors' mailing address is 400 Spinnaker Way, Concord, ON L4K 5Y9, Canada.  The Receiver and Foreign Representative is BDO Canada Limited, 20 Wellington Street East, Suite 500 Toronto, ON M5E 1C5, Canada.

[2]     Capitalized terms not defined herein are defined in the Motion.

Receivership Order, including any and all extensions, amendments and/or supplements thereto authorized by the Canadian Court and extending the protections of the Receivership Order to the Debtors in the United States on a final basis, (c) applying section 365 of the Bankruptcy Code in these chapter 15 cases on a final basis under section 1521 of the Bankruptcy Code, and (d) granting related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 109 and 1501, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2)(P); and the Receiver having consented in its capacity as foreign representative to the Court's authority to enter a final order consistent with Article III of the U.S. Constitution; and venue being proper before this Court under 28 U.S.C. § 1410(1) and (3); and due and proper notice of the provisional relief sought in the Motion having been provided; and it appearing that no other or further notice need be provided; and upon the Cerrato Declaration, and the verified chapter 15 petitions, filed contemporaneously with the Motion, the record of the preliminary hearing on the Motion and the proceedings had before the Court; and the Court having found and determined that the provisional relief sought in the Motion is in the best interests of the Debtors, their creditors, and parties in interest, and is in the interest of international comity and not inconsistent with United States public policy, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AND DETERMINES THAT**:

A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") made applicable to this proceeding under Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

C.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.      Venue of these cases is proper before this Court under 28 U.S.C. § 1410(1) and (3).

E.      The Receiver has demonstrated a substantial likelihood of success on the merits that (a) the Canadian Proceeding is a "foreign main proceeding" as that term is defined in section 1502(4) of the Bankruptcy Code, or in the alternative a "foreign nonmain proceeding" as that term is defined in section 1502(5) of the Bankruptcy Code, (b) the Receiver is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, (c) all statutory elements for recognition of the Canadian Proceeding are satisfied in accordance with section 1517 of the Bankruptcy Code, (d) upon recognition of the Canadian Proceeding as a foreign main proceeding, section 362 of the Bankruptcy Code will automatically apply in these chapter 15 cases under section 1520(a)(1) of the Bankruptcy Code and the Receiver will automatically have authority to operate the Debtors' businesses and exercise the rights and

powers of a trustee under section 1520(a)(3) of the Bankruptcy Code, (e) upon recognition of the Canadian Proceeding as a foreign nonmain proceeding, the Court may apply sections 362 and 1520(a)(3) of the Bankruptcy Code to these chapter 15 cases under section 1521(a)(7) and entrust the administration of the Debtors' assets within the United States to the Receiver under section 1521(a)(5) of the Bankruptcy Code, and (f) that application of section 365(e) on a provisional basis to protect contracts with the Debtors is consistent with the injunctive relief afforded by the automatic stay under section 362.

F.    The Receiver has demonstrated that (a) the commencement or continuation of any proceeding or action in the United States against the Debtors and their business and all of their assets should be stayed under sections 105(a), 1519 and 1521 of the Bankruptcy Code, which protections, in each case, shall be coextensive with the provisions of section 362 of the Bankruptcy Code, to permit the fair and efficient administration of the Canadian Proceeding for the benefit of all stakeholders, and (b) the relief requested in the Motion will neither cause an undue hardship nor create any hardship to parties in interest that is not outweighed by the benefits of the relief granted herein.

G.    The Receiver has demonstrated that without the protection of sections 362 and 365(e) of the Bankruptcy Code, there is a material risk that counterparties to certain of the Debtors' contracts, creditors, or litigants may take the position that the commencement of the Canadian Proceeding or these chapter 15 cases allows them to terminate or refuse to perform under such contracts, take enforcement action, or continue litigation in the United States.  Such actions would impair the Receiver's liquidation efforts and result in irreparable damage to the value of the Debtors' assets and the efficacy of the Canadian Proceeding, and substantial harm to the Debtors' creditors and other parties in interest.

H.    The Receiver has demonstrated that absent the relief granted herein, there is a material risk that one or more parties in interest will take action against the Debtors or their assets.  As a result, the value of the Debtors' assets may suffer immediate and irreparable injury, loss, or damage for which there is no adequate remedy at law and therefore it is necessary that this Court grant the relief requested in the Motion without prior notice to parties in interest or their counsel.  Further, unless this Order is entered, the Debtors' assets could be subject to efforts by creditors to control, possess, or execute upon such assets and such efforts could result in immediate and irreparable injury, loss or damage by, among other things, creditors (a) interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, and (b) interfering with or undermining the success of the Canadian Proceeding.

I.    The Receiver has demonstrated that no injury will result to any party that is greater than the harm to the Debtors' business, assets, and property in the absence of the relief requested in the Motion.

J.    The Debtors' creditors will not suffer any significant harm by the requested provisional relief, as the relief will merely preserve the status quo during the short time necessary for the Court to rule on the verified chapter 15 petitions.  The provisional relief sought will benefit the Debtors' creditors because it will ensure the value of the Debtors' assets are preserved, protected and maximized for the benefit of all creditors.

K.    The interests of the public and public policy of the United States will be served by entry of this Order.

L.    The Receiver and the Debtors are entitled to the full protections and rights available under section 1519(a)(1)–(3) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      The relief requested in the Motion is GRANTED as set forth herein.

2.      The Receivership Order is hereby given full force and effect on a provisional basis, including, without limitation, staying the commencement or continuation of any actions against the Debtors or their assets (except as otherwise expressly provided herein), and shall be given full force and effect in the United States until otherwise ordered by this Court.

3.      While this Order is in effect, the Receiver and the Debtors are entitled to the full protections and rights under section 1519(a)(1), which protections shall be coextensive with the provisions of section 362 of the Bankruptcy Code, and this Order shall operate as a stay of any execution against the Debtors' assets within the territorial jurisdiction of the United States (except as otherwise expressly provided herein).

4.      While this Order is in effect, under sections 1519(a) and 1521(a)(7) of the Bankruptcy Code, sections 362 and 365(e) of the Bankruptcy Code are hereby made applicable in this case to the Debtors and their property within the territorial jurisdiction of the United States.  Specifically, all entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Receiver and its expressly authorized representatives and agents are hereby enjoined from:

a)      execution against any of the Debtors' assets;

b)      the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise against the Debtors in the United States;

c)      taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtors or any of their property;

6

d)      transferring, relinquishing, or disposing of any property of the Debtors to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Receiver or its expressly authorized representatives and agents;

e)      commencing or continuing an individual action or proceeding concerning the Debtors' assets, rights, obligations, or liabilities; and

f)      terminating, modifying, refusing to perform, or otherwise accelerating obligations or exercising remedies under any contract with any of the Debtors on the basis of (i) the insolvency or financial condition of the Debtors at any time before the closing of these cases; (ii) the commencement of the Canadian Proceeding, the entry of the Receivership Order, or the commencement of these chapter 15 cases under this title; or (iii) the appointment of and taking possession by the Receiver of the Debtors' assets and contracts;

*provided*, that in each case, the foregoing injunctions shall be effective solely within the territorial jurisdiction of the United States.

5.      While this Order is in effect, the Receiver is entitled to operate the Debtors' businesses and administer their assets.

6.      Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed under section 362 of the Bankruptcy Code, or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

7.      Under Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to these proceedings under Bankruptcy Rule 7065, no notice to any person is required prior to entry and issuance of this Order. Under Bankruptcy Rule 7065, the provisions of Federal Rule of Civil Procedure 65(c) are hereby waived, to the extent applicable.

8.      The Receiver and its respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     The Receiver is authorized to take all actions necessary to effectuate the relief granted under this Order in accordance with the Motion.

11.     This Court shall conduct a hearing regarding the final relief sought by the Motion at _____ on _____, 2019.  Any objections to such relief shall be filed and served upon the Receiver no later than 4:00 p.m. (ET) seven days before the hearing.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.


Dated:  Wilmington, Delaware
        _____, 2019

                              _____
                              UNITED STATES BANKRUPTCY JUDGE

# **Exhibit B**

Final Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| Unique Broadband Systems Ltd., *et al.*, | Case No. 19-_____  (    ) |
| Debtors in a Foreign Proceeding.[1] | Joint Administration Requested |

**FINAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN
PROCEEDING AND CERTAIN RELATED RELIEF UNDER SECTIONS
<u>105(a), 362, 365, 1517, 1519, 1520 AND 1521 OF BANKRUPTCY CODE</u>**

Upon the motion (the "<u>Motion</u>")[2] of BDO Canada Limited, solely in its capacity as court-appointed receiver (the "<u>Receiver</u>"), manager, and authorized foreign representative of Unique Broadband Systems Ltd. ("<u>UBS</u>") and UBS-Axcera, Inc. ("<u>UBS-Axcera</u>," and, with UBS, the "<u>Debtors</u>"), and not in its personal or corporate capacity, for entry of provisional and final orders under sections 105(a), 362, 365, 1517, 1519, 1520 and 1521 of the Bankruptcy Code: (i) enforcing in the United States, on a provisional basis, the Receivership Order, by applying sections 362, 365(e) and 1520(a) of the Bankruptcy Code in the chapter 15 cases on a provisional basis under sections 105(a), 1519(a) and 1521(a)(7) of the Bankruptcy Code, applying section 1519(a)(2) of the Bankruptcy Code on a provisional basis and granting such other and further relief as this Court deems just and proper; and after notice and a hearing; (ii) on a final basis (a) granting the petitions in these cases and recognizing the Canadian Proceeding as a foreign main proceeding, or in the alternative, as a foreign nonmain proceeding, under section 1517 of the Bankruptcy Code, (b) giving full force and effect in the United States to the Receivership Order,

---

[1]    The Debtors and the last four digits of their U.S. Federal Employer Identification Numbers or other unique identifier are as follows: Unique Broadband Systems Ltd. (2249) (Ontario Corporation No.) and UBS-Axcera, Inc. (3865) (FEIN).  The Debtors' mailing address is 400 Spinnaker Way, Concord, ON L4K 5Y9, Canada.  The Receiver and Foreign Representative is BDO Canada Limited, 20 Wellington Street East, Suite 500 Toronto, ON M5E 1C5, Canada.

[2]    Capitalized terms not defined herein are defined in the Motion.

including any and all extensions, amendments and/or supplements thereto authorized by the Canadian Court and extending the protections of the Receivership Order to the Debtors in the United States on a final basis, (c) applying section 365 of the Bankruptcy Code in these chapter 15 cases on a final basis under section 1521 of the Bankruptcy Code, and (d) granting related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 109 and 1501, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2)(P); and the Receiver having consented in its capacity as foreign representative to the Court's authority to enter a final order consistent with Article III of the U.S. Constitution; and venue being proper before this Court under 28 U.S.C. § 1410(1) and (3); and due and proper notice of the provisional relief sought in the Motion having been provided; and it appearing that no other or further notice need be provided; and the opportunity for a hearing to consider the relief requested in the Motion having been provided; and upon the Cerrato Declaration, and the verified chapter 15 petitions, filed contemporaneously with the Motion, the record in support of the Motion and the chapter 15 petitions, and the proceedings had before the Court; and the Court having found and determined that the provisional relief sought in the Motion is in the best interests of the Debtors, their creditors, and parties in interest, and is in the interest of international comity and not inconsistent with United States public policy, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AND DETERMINES THAT**:

A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") made applicable to this proceeding under Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

C.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.    Venue of these cases is proper before this Court under 28 U.S.C. § 1410(1) and (3).

E.    The Canadian Proceeding is a "foreign proceeding" under section 101(23) of the Bankruptcy Code.

F.    The Receiver is the duly appointed "foreign representative" of the Debtors within the meaning of section 101(24) of the Bankruptcy Code.

G.    These chapter 15 cases were properly commenced under sections 1504, 1509, and 1515 of the Bankruptcy Code.

H.    The Receiver has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q).

I.    The Canadian Proceeding is entitled to recognition by this Court under section 1517 of the Bankruptcy Code.

3

J.     Canada is the center of main interests of the Debtors, and accordingly, the Canadian Proceeding is a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding under section 1517(b)(1) of the Bankruptcy Code.

K.     The Receiver is entitled to all the relief available under section 1520 of the Bankruptcy Code including, without limitation, application of the automatic stay under section 362 of the Bankruptcy Code and operation of the Debtors' business and exercise of the rights and powers of a trustee.

L.     The Receiver is further entitled to application of section 365 under section 1521 of the Bankruptcy Code.

M.     The Receiver has demonstrated that application of section 365 of the Bankruptcy Code, as made applicable by sections 105(a) and 1521(a)(7) of the Bankruptcy Code, is necessary to provide the ability to assume or reject a contract or compel a contract counterparty to perform under a contract and that, absent protections under section 365, there is a material risk that one or more of their contract counterparties may terminate agreements or discontinue performance on the incorrect assumption that it is not bound by any decision made in the Canadian Proceeding and any such termination or discontinuance of performance could impose severe economic consequences on the Debtors' estates and would interfere with liquidation efforts.

N.     The relief granted herein in necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted under sections 1517, 1520, and 1521 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      The relief requested by the verified chapter 15 petitions and the Motion is GRANTED as set forth herein.

2.      The Canadian Proceeding is granted recognition as a foreign main proceeding under section 1517 of the Bankruptcy Code.

3.      The Receivership Order, including any extensions, amendments, or modifications thereto, is hereby enforced on a final basis and given full force and effect in the United States (except as otherwise expressly provided herein).

4.      All relief afforded foreign main proceedings under section 1520 of the Bankruptcy Code is hereby granted to the Canadian Proceeding, the Debtors, and the Receiver as applicable.

5.      Sections 362 and 365 of the Bankruptcy Code shall hereby apply with respect to the Debtors and the property of the Debtors that is within the territorial jurisdiction of the United States.  All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Receiver and its authorized representatives and agents are hereby enjoined from:

a)      execution against any of the Debtors' assets;

b)      the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise against the Debtors in the United States;

c)      taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtors or any of their property;

d)      transferring, relinquishing, or disposing of any property of the Debtors to any entity (as that term is defined in section 101(15) of

the Bankruptcy Code) other than the Receiver and its expressly authorized representatives and agents;

e)   commencing or continuing an individual action or proceeding concerning the Debtors' assets, rights, obligations, or liabilities; and

f)   terminating, modifying, refusing to perform, or otherwise accelerating obligations or exercising remedies under any contract with any of the Debtors on the basis of (i) the insolvency or financial condition of the Debtors at any time before the closing of these cases; (ii) the commencement of the Canadian Proceeding, the entry of the Receivership Order, or the commencement of these chapter 15 cases under this title; or (iii) the appointment of and taking possession by the Receiver of the Debtors' assets and contracts;

*provided*, that in each case, the foregoing injunctions shall be effective solely within the territorial jurisdiction of the United States.

6.    Subject to sections 1520 and 1521 of the Bankruptcy Code, the Canadian Proceeding and the Receivership Order, and the transactions consummated or to be consummated thereunder, shall be granted comity and given full force and effect in the United States to the same extent that they are given effect in Canada, and each is binding on all creditors of the Debtors and any of their successors and assigns.

7.    Under section 1521(a)(6) of the Bankruptcy Code, all prior relief granted to the Debtors or the Receiver by this Court under section 1519(a) of the Bankruptcy Code shall be extended and the Provisional Order shall remain in full force and effect, notwithstanding anything to the contrary contained therein.

8.    Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed under section 362 of the Bankruptcy Code,

or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

9.      The Receiver and its agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

10.      Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.      The Receiver and its agents are authorized and empowered to take all actions necessary to effectuate the relief granted under this Order in accordance with the Motion.

12.      The Receiver, the Debtors and/or each of their successors, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

13.      A copy of this Order, confirmed to be true and correct, shall be served, within three business days of entry of this Order, by mail, upon all persons or bodies authorized to administer foreign proceedings of the Debtors, all entities against whom provisional relief was granted under section 1519 of the Bankruptcy Code, all parties to litigation pending in the United States in which any of the Debtors were a party at the time of the filing of the verified chapter 15 petitions, the Office of the U.S. Trustee for the District of Delaware, and such other entities as this Court may direct.  Such service shall be good and sufficient service and adequate notice for present purpose.

14.     This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: Wilmington, Delaware
              _____, 2019

_____
UNITED STATES BANKRUPTCY JUDGE

8